McFarland *v.* Febiger's Heirs et al.

---

*CATHERINE McFARLAND *v.* FEBIGERS' HEIRS AND OTHERS. [194

Where a wife is named only in the clause describing parties, and in the attesting clause of a deed, the covenants all being by the husband alone, and no terms employed touching the wife's contingent estate of dower, the wife is not concluded, though she join in a formal execution of the deed.

*Feme covert* executing a deed purporting to convey her dower, with the belief that it is defective for that purpose, with respect to which she is silent, is not affected by such silence if the deed prove inoperative.

THIS cause was adjourned from the county of Hamilton. It was a bill in chancery for dower, filed in the usual form. The answer of the defendants admit that the husband of the complain-

ant was seized of the lands in which dower is sought, but avers that the two joined in a conveyance to the Bank of the United States, under whom the defendants claim. This deed is made an exhibit. It commences thus: " *This indenture made,*" etc., "*between S. McFarland and Catherine, his wife, of the first part, and the Bank of the United States, of the second part, witnesseth, that S. McFarland for and in consideration,*" etc., " *hath sold,*" etc., running through all the operative parts as the single acts of S. McFarland, and concluding thus : " *In witness whereof said Stephen and Catherine have hereto set their hands and seals.*" It is signed and duly acknowledged by both.

The defendants in their answer put certain interrogatories to the complainant, and call upon her to answer them. In her answer she avers that the land was purchased with her individual separate property derived from her father, and brought to her husband at their marriage ; that the price for which it was sold was applied to the payment of debts contracted by her husband, as security; that her family and herself derived no benefit from it; that she was induced to execute the deed to preserve a good understanding and peace with her husband, and did it unwillingly; that she was apprised before she executed the deed that it was insufficient to deprive her of her dower ; that she executed it in this belief, and would not have executed it at all, had she considered it as extinguishing her rights. The cause rested on the bill and answers and the deed.

MORRIS and DRAKE, for complainant.

WRIGHT and WALKER, for defendants.

Judge LANE delivered the opinion of the court:

The defense rests upon two positions: 1. That the deed itself 195] presents a bar. 2. That the complainant practiced *such a fraud, in the execution of the deed, as precludes her from asserting her claim.

However trite the saying that courts should favor dower, it must not be forgotten in adjudicating these questions. This estate is given, by the common law, as a kind of compensation for the disabilities attaching to the wife in a state of coverture. It is not to be cut off without a somewhat strict compliance with the

formalities which the law has provided as securities against imposition.

The mode of destroying dower, which is an American usage, is by the wife joining with the husband in a deed containing words calculated to operate upon her contingent rights. Unless the deed contain words applicable to her estate, and evinces her intention to convey it, it is the deed of the husband only. 9 Mass. 218; 13 Ib. 223; 3 Mason, 347; 4 Kent's Com. 58. This deed contains no such terms. The wife joins in nothing that touches her rights. The recitals go no further than to assert that the wife witnesses that the husband conveys his estate. The husband alone covenants; he alone is concluded.

The alleged fraud consists in the facts that a married woman joins her husband in a deed which she conceives to be inoperative as to herself, but is silent upon that subject. Whatever might be the effect of such conduct in one acting in her own right, and making her own contracts, it can not be imputed as a fraud to a married woman, disabled to contract except upon one subject, and upon that only in prescribed forms. The case is not like that of Smiley *v.* Wright. There the woman was a *feme sole* when the transactions took place that were held to bar her of her then subsisting dower. Here the complainant had no agency in making the contract or in preparing the deed. All this the purchaser transacted with the party whose title he obtained. The wife was passive. She was not bound to be otherwise. She assigns a sufficient reason for her passiveness and for her action, as far as both went. In her circumstances, there is no taint of fraud in her conduct. Her right remains unaffected by it, and stands upon the terms of the contract. As these do not conclude her, she is entitled to a decree for dower.

