By the court,
G-rimke, Judge.
The 8th section of the act establishing a recorder’s office, passed the 18lh of June, 1795, declares that deeds shall be ackdowledged by one of the grantors, or proved by one or more of the subscribing witnesses before one of the judges of the general court, or one of the justices of the court of Common Pleas of the county where the land lies. And the act of the 20th of Jan. 1802, gives effect to all deeds which had been acknowledged or proved according to the laws of the state where the acknowledgment or proof was taken. This deed was acknowledged according to the laws of Pennsylvania; and, indeed, the law of June, 1795, under which the *168 deed was executed, was itself adopted from the Pennsylvania code. The grgund of rejecting the deed, was simply that it did not appear from the certificate of the judge that he was an officer authorized to take the acknowledgment or proof. In Lessee of Johnston v. Haines, 2 Ohio, 55, it was decided, that where the person taking the acknowledgment of a deed, gives himself no official character in his certificate or subscription, the certificate is insufficient, and the registry of the deed irregular. In that ease it was not expressed in the acknowledgment, that the person taking it was an officer of any kind, and the name subscribed was without any official character. But in the present instance it does appear from the certificate, that the person taking proof of execution, was one of the associate judges of the county and city of Philadelphia. It was not necessary that the judge should say, in so many words, that he was authorized to take proof, when he stated a fact from which that inference is, irresistibly made. He states his official character, and the laws of Pennsylvania gave a person invested with that official character authority to take the acknowledgment or proof. No objection was taken to the deed in consequence of its being a copy from the recorder’s office, nor could such objection be sustained, as the statute of 1831, makes such copies evidence. The deed, therefore, was improperly rejected, and a new trial must be awarded.
Néw trial granted.