JOHN D. LUMBERT *versus* WILLIAM L. LUMBERT ET AL.

Where the owner of logs appears to contest a lien claim, he will not be permitted to file a separate plea, but may justify under the general issue and appropriate brief statement; and one verdict and special findings, under the direction of the court, is sufficient to establish the rights of all the parties.

This is an action of ASSUMPSIT, to recover for labor in driving logs on the Allegash waters, in the summer of 1854. The plaintiff claims a lien on certain logs described in the writ. After notice to them was ordered by the court, the owners of the logs appeared and entered their appearance on the docket by counsel, and waived any further notice to them of the claim on their logs, under the laws of the state, for the labor of the plaintiff. The owners of said logs filed two pleas in the case, one on behalf of the defendants, that they never promised, and one on the part of said owners, denying that any claim of lien ever existed. The presiding judge

ruled that the plea of the owners of the logs, denying the existence of the lien, would be disregarded in the trial of the cause, and decided that it was entirely irrelevant, that the issue must be under the plea put in for the defendants only.

The verdict was for the plaintiff. The defendants and owners of the logs excepted to the rulings of the court, in relation to the pleadings.

*Rowe & Bartlett* argued for the plaintiff.

The ruling of the judge in relation to the pleadings, was in accordance with the practice, as we understand it.

The ruling was similar in the case of *McPheters* v. *Lumbert*, argued here at the law term of 1856, in which case the court has since ordered judgment for the plaintiff.

Under that ruling it was unnecessary to prove that the attachment was made within sixty days after the arrival of the logs.

We do not see how the question of the sufficiency of the evidence to support the verdict, on the issue tried, comes up before the court; the case standing on exceptions to the ruling of the judge only.

*G. W. Ingersoll* argued for the defendants.

The defendants excepted to the ruling of the court, denying the log owners a right to plead under the statute of 1855, ch. 144, and make defence to the lien. It is conceived that many facts might be put in evidence between the owners and the plaintiff, that would not be relevant between the plaintiff and the defendants, to prove that no lien existed. The statute is of little use, if those most interested have no right to defend in their own names. If the owners are to be excluded from making any defence, except what they can do over the shoulders of the defendants, the statute is nullified. Most generally there is collusion in cases of this kind, between the plaintiffs and the defendants, to hold a lien, and force the owners to pay, when it belongs to the contractor to do it.

CUTTING, J. The only question properly presented is, as to the correctness of the ruling regarding the pleadings, since the whole evidence does not appear to have been reported, and there is no motion to set aside the verdict as being against evidence.

We have decided in the case of *Redington* v. *Frye*, 43 Maine R., 578, *that* under the statute of 1855, ch. 144, it is imperative on the plaintiff, who would enforce his lien claim on lumber, to cite the owner into court, that he may have an opportunity to defend the suit, and unless the notice prescribed by that statute has been given, or the owner has appeared, before judgment rendered, the lien is dissolved; *that* the owner having appeared and defended, or having had the notice and neglected, the lien judgment is conclusive upon him and his property, to which the lien is alleged to have attached; *that* the proceedings, so far as it regards the owner, are *in rem*, to protect which against the claimant, he may controvert any fact necessary to establish the lien; *that* to do this successfully, he must be allowed to become a party to the pleadings; otherwise his appearance might be more expensive than beneficial.

In this case the owners appeared and took upon themselves the defence, as they were authorized to do by force of the statute; and the case finds that " they filed two pleas; one in behalf of the defendants, that they never promised, and one on the part of themselves, denying the existence of any lien claim;" thereby presenting two issues to the country which would require two verdicts. This was not in conformity with the provisions of R. S., ch. 115, s. 18. Under the general issue and the appropriate brief statements, one verdict and special findings, under the direction of the court, would be sufficient to establish the rights of all the parties. For instance, on such an issue the jury might return a verdict for the plaintiff against the defendants, and at the same time find specially that the lien claim did or did not attach, which verdict and findings would be incorporated into the judgment, and thereby enlarge or limit ulterior pro-

ceedings. The second plea offered was not in bar of the action, and was properly excluded by the presiding judge.

*Exceptions oevrruled.*