## COLLINS *vs.* CLARK and others.

Where a referee, in his report, entirely ignores the principal, if not the only issue in the case, and no judgment can be properly rendered until such issue is decided, the judgment entered upon his report will be reversed, and a new trial ordered.

Thus where, in an action to compel the defendants to account for and pay to the plaintiff certain profits realized by them as stock brokers, on the purchase and sale of stocks for him, together with money deposited by the plaintiff with them, by way of security or margin, and for a loss occasioned by their neglect and refusal to sell when ordered to do so, the only disputed question, and the principal issue in the case was, whether the plaintiff di-

rected the defendants to sell, on a particular day, at a specified price; and the referee, in his report, took no notice of that issue; *Held*, that as no judgment could be rendered until such issue was decided, it was a proper case for a new trial.

THE plaintiff, by his complaint, demanded that the defendants should *account* to him for certain moneys alleged to have been deposited as margin on stock speculations, and for the profits and proceeds of certain stocks bought and sold on his account, and particularly for the value of 600 shares of Hudson River Railroad stock, bought on the 9th April, 1864, after deducting the costs, commissions and interest thereon. The complaint alleged, and it was established, that certain purchases and sales of stock were made, which are recited in the complaint, and which, excluding the purchase or sale of the 600 shares of Hudson, resulted, on the 9th April, 1864, in a profit of $3452.43.

The defendants, by their answer, admitted that they did, at the request and on the account of the plaintiff, purchase the several parcels of stock in the complaint alleged, and that they sold the several parcels of Pittsburgh, Fort Wayne and Chicago stock, Michigan Southern and Northern Indiana Railroad stock, Illinois Central Railroad stock, in the complaint mentioned, at the request and for the account of the plaintiff, and that such purchases and sales were made at the prices in the complaint alleged; but denied that they made the agreement in the complaint mentioned, or that any of the said purchases and sales were made under or in pursuance of said alleged agreement. They admitted and alleged that on the 9th April, 1864, they held six hundred shares of Hudson River Railroad stock, which they had purchased for account of the plaintiff; but denied that on that day or at any other time the plaintiff directed them to sell the same whenever they could obtain the prices named in the complaint; or that the plaintiff gave the order to sell in the complaint

mentioned; or that they agreed to sell the same according. to such request; or that they neglected to comply with any request or directions given by the plaintiff in regard thereto; or converted the same, or sold the same without notice to him, or without his knowledge, as alleged in the complaint; or that on that day the market value of the stock was as alleged, or that the prices at which the plaintiff alleges he directed the same to be sold on the 9th April, 1864, could have been obtained by them therefor; or that the omission to sell the same at said prices was owing to any negligence or default of these defendants. The defendants alleged, that in the transaction in the complaint mentioned, they purchased the said stocks in their own name and paid therefor, and were entitled to charge interest at the rate of seven per cent per annum on the several sums so advanced and expended therefor, commission at the rate of one-eighth of one per cent on the par value of each share of stock sold or purchased, for making the purchase, and the same commission for making the sale, and were entitled to hold the stock so purchased as security for the said moneys; and were also entitled to hold any and all balances of money in their hands, whether deposited by the plaintiff or arising out of the sales or profits on the sales of other parcels of stock and standing to his credit with the defendants, and any and all stocks held by the defendants for the plaintiff as an additional security against any loss which the defendants might incur or be subjected to by reason of any depreciation in the market value of any of the stocks so purchased, and against any insufficiency of the values of any or all the stocks so purchased to pay the defendants the amounts advanced and expended by them, interest and commission, and against any deficiencies which might exist after applying all or any of the said stocks to the repayment of said moneys, interest and commissions; and were entitled to hold any of the said stocks so purchased,

Collins *v.* Clark.

and the proceeds of the sale of any or all of the stocks as security for the repayment of the moneys advanced or expended by them for the purchase of any or all of said stocks, interest and commission, at the rate aforesaid; and that they were so entitled by a custom and usage to that effect, established and well known, and of which the plaintiff was well aware, and that the dealings between the plaintiff and the defendants referred to in the complaint were made with respect and in reference to said custom and usage. And that said arrangement above mentioned was in conformity with such custom and usage. The defendants further alleged, that on the 9th of April, 1864, and at the time of the commencement of this action, there was due to them, the defendants, from the plaintiff, on the several transactions in the complaint mentioned, a large sum of money, after applying to the credit of the plaintiff all sums proper to be credited, arising from the sales of stock or otherwise, and charging him with the sums paid for the purchase of said stock and interest, and commissions, and as security therefor, the defendants held the six hundred shares of Hudson River stock, mentioned in the complaint, which last mentioned shares were, after the commencement of this action, sold after due notice to the plaintiff, and demand of payment and neglect to pay the said balance, and that after crediting the proceeds of said sale the plaintiff was and is indebted to the defendants in a large sum of money, for which amount the defendants demanded judgment, with interest and costs.

The referee found, as matter of fact: *First.* That on the 7th day of March, 1864, the defendants were doing business as bankers and stock brokers under the firm name of Clark, Dodge & Co.

*Second.* That the plaintiff, on the 7th day of March, 1864, deposited with the defendants the sum of thirty-five hundred dollars, as a margin on which to purchase and sell stocks on his account, as he might order and direct; and

the defendants agreed to execute the plaintiff's orders for the commissions and interest which they should receive from said plaintiff in the purchase and sale of stocks.

*Third.* That in pursuance of said agreement, the defendants, at the times in this complaint mentioned, purchased by order of the plaintiff, and for his account, the different shares of stock at the different times mentioned in said complaint, and at the prices therein stated, and that they sold said shares of stock, viz: two hundred and fifty shares of the stock of the Pittsburgh, Fort Wayne and Chicago Railroad Company, two hundred and fifty shares of the stock of the Michigan Southern and Northern Indiana Railroad Company, one hundred shares of the said Michigan Southern and Northern Indian Railroad Company, and two hundred shares of the scrip stock of the Illinois Central Railroad Company, at the price stated in said complaint.

*Fourth.* That the profits to the plaintiff upon the purchase and sale of the said shares of stock, over and above the defendants' charges for commissions and interest, amounted to the sum of thirty-four hundred and fifty-two dollars and forty-three cents.

*Fifth.* That at·the times mentioned in the complaint the defendants purchased for the account of the plaintiff, and by his direction, six hundred shares of the stock of the Hudson River Railroad Company, and on the 18th of April, 1864, at the board of brokers, in the city of New York, the defendants sold said stock without notice to the plaintiff.

And from the foregoing facts the referee found, as conclusions of law: *First.* That the plaintiff was not bound by the purchase or sale of said six hundred shares of the stock of the Hudson River Railroad Company, for the reason that the defendants sold said stock without notice to the plaintiff.

*Second.* That the defendants are indebted to the plaintiff

Collins *v.* Clark.

in the sum of $3500, being the amount deposited by the plaintiff on the 7th of March, 1864, and in the further sum of $3452.43, the profits on the said stocks sold, with interest thereon from April 9, 1864, amounting to the sum of $1297.79, and making altogether for principal and interest, at the date of his report, the sum of $8250.22, besides costs. And he ordered judgment accordingly.

To which report and findings of fact the defendants took various exceptions, and judgment being entered, they appealed therefrom.

*John E. Burrill,* for the appellants.

*E. Cooke,* for the respondent.

*By the Court,* CLERKE, P. J. This action is brought to compel the defendants to account for and pay to the plaintiff certain profits, which they, as stock brokers, realized on behalf of the plaintiff in the purchase and sale of certain railroad stocks, together with money deposited by the plaintiff as a security against loss by them, and also for loss or damage incurred by the plaintiff in consequence of the neglect and refusal of the defendants to sell 600 shares of the Hudson River Railroad Company which, in addition to the stock first referred to, they had purchased for the plaintiff, and which he alleges, expressly, he ordered them to sell on the 9th of April, 1864.

In the answer, the defendants admit that they had purchased and sold for the plaintiff the several parcels of stocks mentioned in the complaint, in addition to the purchase of 600 shares of Hudson River Railroad stock, and they deny that on the 9th of April, 1864, or at any other time, the plaintiff directed them to sell the said 600 shares, whenever they could obtain a certain price for the stock.

This is the principal, if not the only, issue in the case. The defendants admit, in their account rendered, that the

---

Collins *v.* Clark.

---

several parcels of stock mentioned in the complaint, exclusive of the Hudson, were purchased and sold for the plaintiff at the prices mentioned by him in the complaint. So that, it appears to me, the only disputed question was, whether the plaintiff should be credited, in the account, with the difference between the price at which the 600 shares of Hudson were purchased, and the price which they would have brought, if the defendants had sold them on the 9th of April; and, whether he should be so credited depended upon the truth or falsehood of his allegation that he directed them to sell on that day at from $159\frac{1}{2}$ to $160\frac{1}{2}$ per share. If he did direct them to sell on that day, and if they could then obtain that price, he was entitled to be credited, as I have already stated; if he did not direct them to sell on that day, they were not liable to be charged with the prices then obtainable, and if the stock subsequently fell, and if the defendants were compelled to sell by reason of the plaintiff's neglect to keep good his margin, according to his engagement, and if they sold on reasonable notice, they were not to suffer from the consequences.

The referee entirely ignores this issue clearly elicited from the pleadings, and, as I have said, from the nature of the case, the principal, if not the only one in it. No judgment can be rendered, until this issue be decided.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, June 7, 1869.    *Clerke, Sutherland* and *Ingraham,* Justices.]