## The Bronson Agricultural and Breeders' Association v. Ira L. Ramsdell.

*Agricultural societies: Horse-racing: Construction of statute: Repeal.* Chapter 40 of Rev. Stat., 1846, § 1, enacts that "all running etc., of horses for any bet * * or for any reward to be given to the owner * of any animal which shall excel in speed, *excepting such as are by special laws* * expressly allowed, shall be deemed racing and are declared to be common nuisances." [Then follows the penalty.]

Section 3 provides that every person who shall contribute or collect money etc., for the purpose of making up any purse, etc., to be raced for, etc., shall forfeit, etc.

By the fourth section of the act of March 28, 1867 (amending *Chap. 54 of Comp. L.*, entitled "Of county and town agricultural societies"), the purposes of such organizations are declared to be to promote the interests of agriculture, etc., and it is declared that such associations may hold fairs and exhibitions, and may distribute premiums for the best and most meritorious animals, etc., as shall be by their by-laws provided:—

*Held,* That the latter act does not repeal the provisions of chapter forty of the Revised Statutes prohibiting racing. Neither does it come within the provisions of the first section, "excepting such as are by special laws expressly allowed."

*Horse fair: Racing: Premium.* The plaintiff in error, under its articles of association, held a horse fair for the purpose of testing the speed of horses by trotting, etc. Hand-bills were distributed, specifying the various races and the respective premiums to be awarded. The premium fund was raised by assessment on the owners of horses and by an admittance fee to the fair-grounds. The defendant in error entered a horse to compete for one of the premiums, and his horse having won, a premium was awarded him. Part of it was paid in cash, and an order on the treasurer of the association, duly signed, was delivered to him for the balance:—

*Held,* In an action for the non-payment of said order, that the whole proceeding, including the order on which the action is based, was illegal, and that no action could be maintained for the money won, or for any part of it, or upon the order.

*Heard April 5. Decided April 10.*

Error to Branch Circuit.

*H. H. Riley,* for plaintiff in error.

*John B. Shipman,* for defendant in error.

CHRISTIANCY, CH. J.

The defendant below, plaintiff in error, is a corporation

24 MICH.—56.

organized under *chapter fifty-four Compiled Laws*, and the act of March 23d, 1867, amendatory thereof.

By the fourth section of the amendatory act the purposes of such organizations are declared to be, " to promote the interests of agriculture, horticulture, and the mechanic arts;" and it is declared that the associations authorized may " hold fairs and exhibitions, and may distribute premiums, for the best and most meritorious animals or articles exhibited, in their several departments, as shall be by their by-laws and regulations provided."

By the articles of association of the plaintiff in error (filed with the secretary of state), " the particular business and objects of the society," are declared to be " to advance the interests of agriculture, and improvement in the breeding and training of horses and other animals."

On the 7th, 8th, 9th and 10th days of September, 1870, what was called " an exhibition or horse fair" of this association was held, for the purpose of testing the speed of horses by trotting and running, at which, by the regulations and by-laws, certain specified premiums were to be paid to the owners of the respective horses running or trotting the race. These premiums, as we infer from the evidence and finding, were raised by requiring ten per cent. of the same to be paid in by the owner of each horse entered for the race, and by charges for the admission of spectators to the grounds for viewing the races; such races being decided as in ordinary horse-races, the president acting with the other judges in awarding the premiums. And posters or hand-bills were previously issued and distributed, specifying the various races or trials of speed to take place, and the respective premiums to be given to the owner of the winning horse.

The plaintiff below (defendant in error) entered a horse

to compete for one of the premiums in a trotting race, paying in his ten per cent. of such premium; and, upon the race being had, his horse won one of the specified premiums, which was awarded to him in accordance with the rules and regulations of the association, and a part of it paid down in cash, and for the balance, one hundred dollars, an order or draft was drawn in his favor, upon the treasurer of the association, signed by the president and countersigned by the secretary, according to the by-laws and rules of the association.

This order the treasurer refused to pay, and for its non-payment this action was brought by the defendant in error, and judgment was rendered in his favor by the court below.

That court held that the facts did not show a violation of chapter forty of the revised statutes of 1846 (*Comp. L.*, *chapter 189*), entitled "Of the racing of animals;" and for this holding the first error is assigned.

This chapter (forty of the revision of 1846) enacts:

"Section 1. All running, trotting, or pacing of horses, or any other animals for any bet or stakes, in money, goods or other valuable thing, or for *any reward to be given* to the owner or rider of any animal which shall excel in speed, excepting such as are by *special laws* for that purpose *expressly allowed*, shall be deemed racing within the meaning of this chapter, and are hereby declared to be common and public nuisances and misdemeanors; and all parties. concerned therein, either as authors, betters, stakers, stakeholders, judges to determine the speed of animals, riders, contrivers or abettors thereof, shall be deemed guilty of a misdemeanor, and shall be punished by a fine not exceeding five hundred dollars, or by imprisonment, not exceeding one year, in the county jail."

Section three of the act provides that, "every person

who shall contribute or collect any moneys, goods, or things
in action, for the purpose of making up a purse, plate
or other valuable thing to be raced for by any animal, con-
trary to law, shall forfeit the sum of twenty-five dollars
for each offense;" and by section four the owners forfeit the
animals, etc.

Now, it is very clear that the racing of the horses on
the occasion alluded to, under the regulations of this asso-
ciation, and the premium given to the owner of the
winning horse, as well as the mode of raising that premium,
come directly within the express prohibitions of this statute.
It is none the less a race because the association choose to
designate it a " trial of speed," and pretend to give the
premium for the best horse, when the trial of excellence is
determined by the greatest speed.   The " premium " is but
another name for the "purse," " stakes," or " reward to
the owner of the animal which shall excel in speed;" and
the mode of raising this " purse," " stakes," or " reward,"
comes within the express prohibitions of the third section;
and the whole proceeding, including the order on which the
action is based, was clearly illegal, and no action can be
maintained for the money won, or any part of it, or upon
the order, unless the fourth section of the act of 1855, as
amended in 1867, so far repeals the provisions of chapter
forty of the revised statutes of 1846, as to render the pro-
ceedings legal by permitting such racing for the pretended
premium so raised.

Now, it is quite certain that the act of 1855, as amended,
does not " expressly " repeal any of the provisions of chapter
forty of the revised statutes, above cited, and that it is not,
within the meaning of the first section of that chapter, a " *spe-
cial law expressly allowing* " the racing or other proceedings
there prohibited. *See Gibbons v. Gouverneur, 1 Denio, 170.*

And we are equally satisfied that the legislature, in authorizing associations "to promote the interests of agriculture, horticulture and the mechanic arts," by the act of 1867, and in authorizing them "to hold fairs and exhibitions," and to distribute premiums for the best and most meritorious animals or articles exhibited, never contemplated any repeal of the provisions of chapter forty of the Revised Statutes against "the racing of animals," nor intended to legalize any of the acts or proceedings thereby prohibited, nor, consequently, the racing in the present case for which the pretended "premium" was agreed to be given.

No right of action was, therefore, shown by the facts found, and the judgment must be reversed and a new trial awarded.

The other Justices concurred.