| 32 | 103 |
| 49 | 63 |
| 32 | 103 |
| 50 | 368 |
| 32 | 103 |
| 458 | 205 |

## The Homœopathic Mutual Life Insurance Co.

### v.

### Clarinda M. Marshall and others.

A mortgage was given by a married woman and her husband, on her lands, to raise money to discharge mortgages and municipal assessments which were valid encumbrances thereon, and the money was so applied. The mortgage was duly signed, and a certificate of acknowledgment before a duly authorized officer, was endorsed by the officer

Homœopathic Mutual Life Ins. Co. *v.* Marshall.

thereon.  At the same time, and before the same officer, the wife made
an affidavit that she was the owner of the premises; that they were
free from encumbrances other than those specified, and that she was
of full age, &c., &c.  Five years afterwards, she and her husband testi-
fied, in this suit for the foreclosure of their mortgage, that although
they executed the mortgage, and she swore to the affidavit, yet it was
in entire ignorance of their contents, and at the request of her father,
who negotiated the loan, and in whom they had implicit confidence.
—*Held,*

(1) That an officer, in taking the acknowledgment of a married
woman to a deed or mortgage, acts judicially.

(2) That in the absence of fraud or duress, the evidence of the
parties to the instrument is not admissible to contradict his official
certificate and destroy the title of a *bona fide* grantee or mortgagee.

(3) That even if his mortgage be invalid, the mortgagee is, neverthe-
less, under the circumstances, entitled to subrogation to the rights of
the former mortgagee and the city, to pay off whose encumbrances his
money was lent.

(4) That the mortgage having been given to secure the debt of a
married woman, contracted for the benefit of her separate estate, it
would, without any acknowledgment whatever, be held to be a charge
thereon, and enforceable in equity.

———

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. T. D. Hodges,* for complainant.

*Mr. F. H. Lum,* for answering defendants, Marrenner
and wife.

———

NOTE.—A *feme covert's* acknowledgment of a deed may be contradicted
by parol evidence in Minnesota (*Dodge* v. *Hollinshead,* 6 *Minn.* 25 ;
*Annan* v. *Folsom, Id. 500 ; Drury* v. *Foster,* 2 *Wall.* 24)) ; in Iowa (*Morris*
v. *Sargent, 18 Iowa 90 ; Van Orman* v. *Mc Gregor, 23 Iowa 300 ;* see *Simms*
v. *Hervey, 19 Iowa 273*) ; in South Carolina (*Hays* v. *Hays, 5 Rich. 31 ;
Bruce* v. *Perry, 11 Rich. 121*) ; in Missouri (*Sharpe* v. *McPike, 62 Mo.
300 ; Wannell* v. *Kem, 57 Mo. 478*).
  But such acknowledgments are held to be conclusive, in the absence
of fraud or duress, in Kentucky (*Barnett* v. *Shackleford, 6 J. J. Marsh.
532 ; Allen* v. *Shortridge, 1 Duv. 34*) ; now, however, only presumptively
correct, by statute (*Ford* v. *Teal, 7 Bush 156 ; Woodhead* v. *Foulds, 7
Bush 222 ; Jett.* v. *Rogers, 12 Bush 564, and cases cited*) ; in Indiana (*Mc-
Neeley* v. *Rucker, 6 Blackf. 391 ; Jordan* v. *Corey, 2 Carter 385 ; Wright* v.
*Bundy, 11 Ind. 400*) ; in Maryland (*Bissett* v. *Bissett, 1 Harr. & McH.
211 ; Ridgely* v. *Howard, 3 Harr. & McH. 321 ; Central Bank* v. *Copeland,*

Homœopathic Mutual Life Ins. Co. v. Marshall.

The Chancellor.  ·

The bill is filed to foreclose a mortgage for $4,000 and interest, dated January 25th, 1874, given by Igene M. Marrenner and her husband to the complainant, on land belonging to Mrs. Marrenner, situate in the city of Elizabeth. Just before her marriage to her present husband, Mrs. Marrenner (who was then a widow) executed a deed, dated November 1st, 1873, conveying the mortgaged premises and another lot of land on the opposite side of the same street, to her father, Daniel D. T. Marshall, in trust for her use for life, and, at her death, to convey the premises thereby granted to her heirs at law. A short time after her marriage to Mr. Marrenner, Mr. Marshall negotiated and obtained for her a loan of $4,000 from the complainant, on the security of the mortgage in suit. It appears to have been necessary to raise the money to save her property, and she seems to have had no other means of raising it.

On both properties there were two mortgages, which it was necessary to pay off in order to prevent foreclosure, and there were also unpaid municipal assessments which threatened her title. The loan was made to obtain the requisite money to satisfy these encumbrances, and, with the exception of the reasonable expenses attending the loan, the money was so applied.

---

*18 Md. 305;* see *Byer* v. *Etnyre, 2 Gill 150*); in Pennsylvania (*Heeter* v. *Glasgow, 79 Pa. St. 79; Miller* v. *Wentworth, 32 Pa. St. 280; Singer Manf. Co.* v. *Rook, 84 Pa. St. 442; Louden* v. *Blythe, 16 Pa. St. 532; Williams* v. *Baker, 71 Pa. St. 476; Hoffman* v. *Coster, 2 Whart. 453; Hornbeck* v. *Mut. Build. Ass'n, 20 Alb. L. J. 212*); in Ohio (*Baldwin* v. *Snowden, 11 Ohio St. 203; Kilbourn* v. *Fury, 26 Ohio St. 153;* see *Truman* v. *Lore, 14 Ohio St. 144; Johnston* v. *Haines, 2 Ohio 279*); in Texas (*Hartley* v. *Frosh, 6 Tex. 208; Pool* v. *Chase, 46 Tex. 207*); in Illinois (*Hill* v. *Bacon, 43 Ill. 477; Graham* v. *Anderson, 42 Ill. 514; Eyster* v. *Hatheway, 50 Ill. 521; Lickmon* v. *Harding, 65 Ill. 505; Calumet Co.* v. *Russell, 68 Ill. 426; Kerr* v. *Russell, 69 Ill. 666;* see *Russell* v. *Baptist Union, 73 Ill. 337; McPherson* v. *Sanborn, 88 Ill. 150*); in North Carolina (*Woodbourne* v. *Gorrel, 66 N. C. 82;* see *Harrell* v. *Elliot, 2 Hayw. 68; Paul* v. *Carpenter, 70 N. C. 502; Suddereth* v. *Smyth, 13 Ired. 452; Lucas* v. *Cobb, 1 Dev. & Bat. 228*); in Tennessee (*Mount* v. *Kesterson, 6 Coldw. 452; Finnegan* v. *Finnegan, 3 Tenn. Ch. 510*); in Michigan (*Norton* v. *Nichols, 35 Mich. 148*); in Mississippi (*Johnston* v. *Wallace, 53 Miss. 331; Stone* v. *Montgomery, 35 Miss. 83;* see *Allen* v. *Lenoir, 53 Miss.*

The plan adopted by Mr. Marshall·for securing the loan, was to reconvey the property to Mrs. Marrenner, in order to put an end to the trust declared in the deed of 1873, and re-invest her with the title, so that she might, with her husband, give the mortgage.   This was done, and the mortgage was executed, and the property was, after the giving of the mortgage, reconveyed by Mr. and Mrs. Marrenner to Mr. Marshall subject to it, on the same trust as was expressed in the deed of 1873.   Mr. Marshall and the complainant (of which he was president) acted in entire good faith in the entire transaction, and all that was done was done strictly in the interest and for the great advantage of Mrs. Marrenner.   She and her husband, however, though they admit that they executed the mortgage and deed of reconveyance, swear that they had no knowledge of the character of the transaction, but having full confidence in Mr. Marshall, signed the papers without knowing or being informed what they were, or asking any explanation on the subject.

The deed of conveyance to Mrs. Marrenner in terms, indeed, declared that it was intended for the purpose of putting an end to the trust, and the complainant appears, therefore, to have had notice of the existence of the trust declared in the deed of 1873.   But no trust was, in fact, created by the deed of 1873.   Mrs. Marrenner testifies that

321); in Virginia (*Harkins* v. *Forsyth, 11 Leigh 294; Tod* v. *Baylor, 4 Leigh 498; Carper* v. *McDowell, 5 Gratt. 212*); in Alabama (*Miller* v. *Marx, 55 Ala. 322; Cahall* v. *Citizens Ass'n 61 Ala. 232*); in Maine (*Greene* v. *Godfrey, 44 Me. 25*); in Rhode Island (*Kavanaugh* v. *Day, 10 R. I. 393*); in England (*Bancks* v. *Ollerton, 26 Eng. L. & Eq. 508*); in Canada (*Thompson* v. *Thompson, 2 Ch. Cham. 211; see Heward* v. *Scott, Id. 274*); in New Brunswick (*Robinson* v. *Chassey, 1 Hannay 50*).

In several states such acknowledgment is only *prima facie* correct, by statute, as in California (*Landers* v. *Bolton, 26 Cal. 406; see Fogarty* v. *Finlay, 10 Cal. 239*); in Kentucky (*ubi supra*); in Wisconsin (*Eaton* v. *Woydt, 32 Wis. 277*); in New York (*Jackson* v. *Schoonmaker, 4 Johns. 161; Priest* v. *Cummings, 16 Wend. 617; Watson* v. *Campbell, 28 Barb. 421;* see · *Rexford* v. *Rexford, 7 Lans. 6; Wood* v. *Bach, 54 Barb. 134; Richardson* v. *Pulver, 63 Barb. 67*).

The cases holding such certificate conclusive, consider the act of the officer taking the acknowledgment as *judicial* (*Paul* v. *Carpenter, 70 N. C. 502; Scanlan* v. *Turner, 1 Bailey 421; Kerr* v. *Russell, 69 Ill. 666;*

it was not read to her, nor were its contents made known to her before she signed it; that she signed it because her father wished her to do so, and that she knew nothing about it until, as she expresses it, "this trouble came up," referring to the foreclosure proceedings, or the threat that such proceedings would be instituted, which was some years after the execution of the deed. She did not intend to create a trust, and the trust declared by the deed was not, therefore, binding on her. *Garnsey* v. *Mundy, 9 C. E. Gr. 243.*

She and her husband both swear, as before stated, that they knew nothing of the contents, purport or character of the complainant's bond or mortgage, though they signed them, and that they did not, not did either of them, acknowledge the latter, though a certificate of acknowledgment, containing all the statutory requisites, is endorsed thereon, and signed by a duly authorized officer, by whom the execution of the deed was witnessed. She swears, also, that she knew nothing of the contents or character of an affidavit which purports to have been made by her at the time of the signing of the bond and mortgage, and which was delivered to the complainant. It was to the effect that she was the mortgagor in the mortgage in suit, and was the owner of the mortgaged premises in fee, by virtue of a devise thereof in the will of her then late husband, Charles R.

*Withers* v. *Baird, 7 Watts 227; Heeter* v. *Glasgow, 79 Pa. St. 79; Kottman* v. *Ayer, 1 Strobh. 576; Suddereth* v. *Smyth, 13 Ired. 452; Ford* v. *Gregory, 10 B. Mon. 175; Bancks* v. *Ollerton, 26 E. L. & Eq. 509; Johnston* v. *Slater, 11 Gratt. 321; Menhennet's Case, L. R. (5 C. P.) 16; Black* v. *Gregg, 58 Mo. 565; Hornbeck* v. *Mut. Build. Ass'n (Pa.), 20 Alb. L. J. 212; Wilson* v. *Traer, 20 Iowa 231; Hammers* v. *Dole, 61 Ill. 307; Brown* v. *Moore, 38 Tex. 645; Sutton* v. *Sutton, 1 Dev. & Bat. 585*); while the other class deem such acts merely ministerial (*Elliott* v. *Peirsol, 1 Pet. 341; Lynch* v. *Livingston, 8 Barb. 463, 6 N. Y. 422; Emmal* v. *Webb, 36 Cal. 197; Odiorne* v. *Mason, 9 N. H. 24; Frink* v. *Pond, 46 N. H. 125; Gill* v. *Fauntleroy, 8 B. Mon. 179.* See *Dawson* v. *Thurston, 2 Hen. & Munf. 132; Hamilton* v. *Pitcher, 53 Mo. 334*).

The officer should only certify to facts which he *personally* knows (*Watson* v. *Campbell, 28 Barb. 421; Dewey* v. *Campau, 4 Mich. 565; Fisher* v. *Meister, 24 Mich. 447*); as where the grantor is deaf and dumb (*Harper's Case, 6 C. B. 732; Brown* v. *Brown, 3 Conn. 299; Morrison* v. *Morrison, 27 Gratt. 190*); and he is personally responsible for any damages

Honèywell; that there was no other encumbrance on the property, except a mortgage to William J. Magie for $2,500, which was to be paid out of the loan; that the complainant's mortgage was a valid and subsisting lien on the premises therein described, to the full extent of the mortgage; that there were no equities or defences, latent or patent, to or against it or whereby it could be, in any manner, impaired or affected; that there were no judgments against her, and that she was over twenty-one years of age. The affidavit purports, by the jurat, to have been sworn to by her before the same officer. She admits that she signed it, and it is not alleged that there was any fraud or duress.

Mr. and Mrs. Marrenner testified as witnesses in this cause, in the fall of 1879, more than five years and a half after the giving of the bond and mortgage, and though they swear positively, they swear from recollection merely. The certificate, however, must, in the absence of fraud, be regarded as conclusive.

It is true, in *Wells* v. *Wright, 7 Hal. 132,* it was held by the supreme court that a certificate of acknowledgment under the fourth section of the act "respecting conveyances," which provides that the certificate shall entitle the deed to admission in evidence without proof, is only *prima facie* evidence and may be disproved; and *Lambert* v. *Lam-*

---

arising from his own mistakes (*Fogarty* v. *Finlay, 10 Cal. 239*), and also his sureties (*Rochereau* v. *Jones, 29 La. Ann. 82*).

How far a foreign certificate has been deemed conclusive (*Sessions* v. *Reynolds, 7 Sm. & Marsh. 130; Lacey* v. *Davis, 4 Mich. 140; Wright* v. *Bundy, 11 Ind. 399; Eaton* v. *Woydt, 32 Wis. 277; Livingston* v. *McDonald, 9 Ohio 168; Mott* v. *Smith, 16 Cal. 533; Keller* v. *Moore, 51 Ala. 340; Hart* v. *Ross, 57 Ala. 518; McPherson* v. *Featherstone, 37 Wis. 632; Welles* v. *Cole, 6 Gratt. 645; Coldwell's Case, L. R. (10 C. P.) 667; Southerin* v. *Mendum, 5 N. H. 420; Crispen* v. *Hannaran, 50 Mo. 415*).

Whether the court will take judicial notice of such officer, where he omits to describe himself as such or let it be shown *aliunde* (*Livingston* v. *McDonald, 9 Ohio 168; Bancks* v. *Ollerton, 26 Eng. L. & Eq. 508; Robinson* v. *Chassey, 1 Hannay (N. B.) 50; Rhodes* v. *Selin, 4 Wash. C. C. 718; Jeffreys* v. *Collis, 4 Dana 470; Russ* v. *Wingate, 30 Miss. 440; Graham* v. *Anderson, 42 Ill. 514; Etheridge* v. *Ferebee, 9 Ired. 312; Suddereth* v. *Smyth, 13 Ired. 452; Keller* v. *Moore, 51 Ala. 340*); or, after recording the instru-

Homœopathic Mutual Life Ins. Co. *v.* Marshall.

*bert* (not reported), decided by Chancellor I. H. Williamson, is cited to the same effect. The question presented by the case in hand, however, is not a question of evidence, but of the sufficiency of the conveyance.

In *Marsh* v. *Mitchell, 11 C. E. Gr. 497*, it was said, indeed, on the authority of *Wells* v. *Wright*, that the certificate of the acknowledgment of a married woman is only *prima facie* evidence, and that the truth of the certificate may be disproved, and the decree in that case was affirmed by the court of errors and appeals (*12 C. E. Gr. 631*), for the reasons given by the vice-chancellor in his opinion, yet the question now presented as to the strength of the presumption in favor of the certificate, was not considered in either court. By our law (*Rev. p. 154 § 9*); the estate of a married woman in land in this state will not pass by her deed unless she shall have been previously examined as to her freedom from marital constraint in making the conveyance, and the acknowledgment be certified. And the act provides that, if of age, her deed, duly executed and so acknowledged, shall, if the acknowledgment be duly certified, pass her estate according to the deed. This acknowledgment stands in the place of the acknowledgment which was requisite in levying a fine of the land of a married woman. Such acknowledgment could not be avoided (except in equity for fraud) even

ment (*Burgess* v. *Wilson, 2 Dev. 906.* See *Garrick* v. *Williams, 3 Taunt. 540; Rex* v. *Hooper, 3 Price 495*).

Parol evidence is inadmissible, in the absence of fraud or duress, to supply omissions or correct mistakes of the officer (*Harrell* v. *Elliot, 2 Hayw. 68; Barnet* v. *Barnet, 15 Serg. & R. 72; O'Ferrall* v. *Simplot, 4 Iowa 381: Stanton* v. *Button, 2 Conn. 527; Hayden* v. *Westcott, 11 Conn. 129; Chauvin* v. *Wagner, 18 Mo. 531, 544; Jamison* v. *Jamison, 3 Whart. 457; Leftwich* v. *Neal, 7 W. Va. 569; Wood* v. *Cochrane, 39 Vt. 544; Ennor* v. *Thompson, 46 Ill. 214; Hughes* v. *Wilkinson, 35 Ala. 453: Conn. Ins. Co.* v. *McCormick, 45 Cal. 580.* See *Angier* v. *Schieffelin, 72 Pa. St. 106; Van Sickle* v. *People, 29 Mich. 61; Robinson* v. *Barfield, 2 Murph. 390; Robinson* v. *Noel, 49 Miss. 253*); and the magistrate cannot be a witness to impeach his own acts (*Stone* v. *Montgomery, 35 Miss. 83; Greene* v. *Godfrey, 44 Me. 25; Elwood* v. *Klock, 13 Barb. 50; Central Bank* v. *Copeland, 18 Md. 305.* See *Truman* v. *Lore, 14 Ohio St. 144; Hoit* v. *Russell, 56 N. H. 559; Jansen* v. *McCahill, 22 Cal. 563*).

though the wife was, in fact, compelled by her husband to make the acknowledgment.  *Shep. Touchstone 9.*

".If," says Saint Germain, " a woman covert, for dread of her husband, by compulsion of him, levy a fine, yet the woman after her husband's death shall not be admitted to show that matter in avoiding of the fine for the inconvenience that might follow thereupon; and, after the opinion of many men, there is no remedy in these cases in the chancery." *Doct. and Stud. 264.*

.   The act of the officer by whom the acknowledgment of a married woman under our law is taken and certified, is judicial, and, for the security of titles, must, in cases where the wife has signed the deed and appeared before the officers, be held to be conclusive against her in favor of a perféctly *bona fide* grantee, for a valuable consideration.  *1 Bishop's-
· Law of Mar. Wom.* § *591; Hartley* v. *Frosh, 6 Tex. 208; Baldwin* v. *Snowden, 11 Ohio St. 203; Bissett* v. *Bissett, 1 Harr. &
.McH. 211; Ridgely* v. *Howard, 3 Id. 321; Jamison* v. *Jamison, 3 Whart. 457; Schrader* v. *Decker, 9 Pa. St. 15; Michener* v.
· Cavender, 2 Wright 336; McCandless* v.· *Engle, 1 P. F. Smith 290; Wells on Sep. Prop. of M. W.* § *875; Heeter* v. *Glasgow, 79 Pa. St. 79; . Johnston* v. *Wallace, 53 Miss. 335; Landers* v. *Bolton, 26 Cal. 406; McNeely* v. *Rucker, 6 Blackf. 391.*

In the case before me there was no fraud or duress, but, on the other hand, the proof is of entire good faith and perfect

---

Equity cannot correct such officers' mistakes or omissions (*Green* v. *Branton*, 1 Dev. Eq. 504; *Flanagan* v. *Young*, 2 Harr. & McH. 38; *Butler* v. *Buckingham*, 5 Day 504; *Barnett* v. *Shackelford*, 6 J. J. Marsh. 582; *Martin* v. *Dwelly*, 6 Wend. 9; *Campbell* v. *Taul*, 3 Yerg. 548; *Grapengether* v. *Fejervary*, 9 Iowa 163; *Çarr* v. *Williams*, 10 Ohio 305; *McFarland* v. *Febiger*, 7 Ohio 194; *Heaton* v. *Fryberger*. 38 Iowa 185; *Chauvin* v. *Wagner*, 18 Mo. 531; *Wannell* v. *Kem*, 51 Mo. 150; *Willis* v. *Gattman*, 53 Miss. 721; *McBryde* v. *Wilkinson*, 29 Ala: 662; *Jacoway* v. *Gault*, 20 Ark. 190; *Selover* v. *Com. Co.*, 7 Cal. 266; *Henderson* v. *Rice*, 1 Coldw. 223. See *Simpson* v. *Montgomery*, 25 Ark. 365; *Kilbourn* v. *Fury*, 26 Ohio St. 153; *Kane* v. *McKown*, 55 Mo. 181); except for his fraud or duress (*Eyster* v. *Hathaway*, 50 Ill. 521; *Montgomery* v. *Hobson*, Meigs 437; *Fisk* v. *Stubbs*, 30 Ala. 335; *Witbeck* v. *Witbeck*, 25 Mich. 439; *Finnegan* v. *Finnegan*, 3 Tenn. Ch. 514; .Devorse* v. *Snider*, 60 Mo. 235); nor, compel a *feme covert* to correct her acknowledgment (*Barrett* v. *Tewksbury*, 9 Cal. 13); nor, authorize a magistrate to give a new certificate in place of one lost (*Married*

Homœopathic Mutual Life Ins. Co. *v.* Marshall.

freedom. In opposition to the certificate there is only the recollection of husband and wife, after the lapse of more than five years from the date of the execution of the mortgage, in regard to the particulars of a transaction in the details of which they probably took not the slightest interest at the time. And it would be far more surprising to find that they had remembered them than to find that they had entirely forgotten them. The impolicy of admitting such evidence to countervail the official certificate, is obvious. If such testimony were admitted, the danger to titles depending on the deeds of married women would be great indeed, especially where the officer by whom the acknowledgment was taken had died, or, as in this case, had gone beyond reach, so that his testimony could not be obtained. The stability of such titles would manifestly often depend on the memory or integrity of those whose interest it would be to nullify them.

Said the court in *Jamison* v. *Jamison, 3 Whart. 457,* in which it was held that the certificate was conclusive : " The judge or justice of the peace, in taking an acknowledgment, acts judicially, not ministerially. The law imposes on him the duty of ascertaining, by his own view and examination, the truth of the matters to which he is to certify, and points out precisely his duty. Having thus entrusted him to see that the proper forms are observed, his solemn certificate that they have been observed, on the faith of which parties act, contracts are proceeded in, moneys are paid and deeds

*Woman's Case, L. R. (2 C. P.) 510);* nor, compel the registry of an unacknowledged deed (*Caldwell* v. *Head, 17 Mo. 561).*

It seems that the officer may correct his own mistake afterwards (*Jordan* v. *Corey, 2 Cart. 385);* or be compelled to do so by mandamus (*Wannell* v. *Kem, 51 Mo. 150; Miller* v. *Powell, 53 Mo. 254).*

The titles of *bona fide* purchasers are not affected (*Louden* v. *Blythe, 27 Pa. St. 22; Hall* v. *Patterson, 51 Pa. St. 289; Schrader* v. *Decker, 9 Pa. St. 14; Williams* v. *Baker, 71 Pa. St. 476; Green* v. *Scranage, 19 Iowa 461; Mastin* v. *Halley, 61 Mo. 196; Pool* v. *Chase, 46 Tex. 207; White* v. *Graves, 107 Mass. 325; Moses* v. *Dade, 58 Ala. 211;* see, however, *Anderson* v. *Anderson, 9 Kan. 112; Michener* v. *Cavender, 38 Pa. St. 334; Norton* v. *Nichols, 35 Mich. 148).*—Rep.

accepted, must (in the absence of fraud or collusion) be considered as entitled to full faith and credit; and cannot, without rendering titles to real estate exceedingly insecure, be left at any distance of time afterwards to the uncertainty and frailty of parol proof, and to all the mistakes, prejudices, imperfections and hazards that attend it."

But if the mortgage be regarded as an invalid instrument as to Mrs. Marrenner, for want of proper acknowledgment, the complainant would be, as against her, entitled to subrogation to the rights of the mortgagees whose mortgages were paid, and to the rights of the city of Elizabeth to whom the assessments were paid, with the money which it loaned on the faith of the mortgage in question. *Paine* v. *Hathaway, 3 Vt. 212 ; Dixon on Subr. 165.*

As before stated, the loan was *bona fide* made and almost all the money used in discharging encumbrances on the two properties. The complainant cannot be regarded as a volunteer. Those encumbrances were on the property when it lent the money, and it lent it to enable the Marrenners to remove them. In appropriate proceedings, subrogation might be obtained.

And again, the debt to secure which the mortgage in suit was given, was for the benefit of the separate estate of Mrs. Marrenner, and if the mortgage was not acknowledged at all, the debt would, in equity, be charged on her estate generally. *Pentz* v. *Simonson, 2 Beas. 232 ; Wilson* v. *Brown, Id. 277 ; Harrison* v. *Stewart, 3 C. E. Gr. 451 ; Armstrong* v. *Ross, 5 C. E. Gr. 109 ; Pierson* v. *Lum, 10 C. E. Gr. 390.*

And it would be charged on the mortgaged premises as part of her estate, for the mortgage would, in equity, operate as an appointment of that property for the payment of the debt. *Wilson* v. *Brown, 2 Beas. 277.*