————o————

THOMAS M. WANNALL, Appellant, *vs.* SAMUEL KEM *et al.*, Respondent.

1. *Acknowledgment—Defective—Equity will not interfere to correct.*—Where a notary fails to set forth in a certificate of acknowledgment, the facts necessary to constitute a good certificate, he may correct his certificate if the facts will warrant him in so doing, and he may be compelled so to do by *mandamus.* But a court of equity has no jurisdiction to correct such mistakes.

*Appeal from Lousiana Court of Common Pleas.*

*McDonald, Caldwell & Biggs, and Kinealy,* for Appellant, cited Stephens *vs.* Montgomery, 20 Ark. 373; Carney *vs.* Hopple, 17 Ohio State, 46.

*Fagg & Dyer,* for Respondents cited Chauvin *vs.* Wagner, 18 Mo., 531.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity to foreclose a mortgage executed by the defendants Kem and wife, on land belonging to the wife in fee, to secure a note alleged to have been executed by Kem and wife to the plaintiff's indorser. The mortgage is dated the 18th of January, 1869, and was acknowledged before the defendant A. L. Loucks as notary public. The acknowledgment was properly made, but the notary public failed to state in his certificate of acknowledgment the facts necessary to constitute a good acknowledgment by husband and wife to a conveyance of the wife's lands. The notary is made a party defendant to this suit, and a decree is asked correcting the omissions of the notary in his certificate of acknowledgment, and for a foreclosure and sale of the mortgaged premises.

The defendants, Kem and wife, demurred to the plaintiff's petition upon the ground that it did not state facts sufficient to constitute a cause of action, and that the notary was not a proper or necessary party to this suit.

This demurrer was sustained, and a final judgment was rendered on the demurrer for the defendants.

1st. It is essential to the validity of a mortgage or conveyance by husband and wife of the wife's lands that such conveyance should be acknowledged in conformity with our statutory requisitions on this subject, and that the certificate of the officer taking the acknowledgment should substantially state all the facts necessary to such acknowledgment. If the officer fails to set forth in his certificate the facts necessary to constitute a good acknowledgment, a court of equity is not the proper forum to afford the relief. The officer may voluntarily correct his certificate, or make out a proper certificate where he has given a defective one, if the facts really exist to warrant such action. If the officer refuses to make a proper certificate, he may be compelled to do so by *mandamus*; but a court of equity has no jurisdiction to correct such defects. The notary derives his authority to take acknowledgments from the statute, and courts of equity do not aid the defective execution of statutory powers. (Chauvin vs. Wagner, 18

Mo., 531; Moreau vs. Detchmendy, 18 Mo., 522; Bright vs. Boyd, 1 Story R. 486, and 1 Story's Eq., § 97-177.)

2d. Under our statutes a husband, during coverture, can make no conveyance of his interest in his wife's real estate unless it be by deed executed by the wife jointly with the husband, and acknowledged by her in the manner provided by law in the case of the conveyance by husband and wife of the real estate of the wife. (W. S. 935, § 14.) So in this case, the mortgage being inoperative as to the wife for want of a proper certificate of acknowledgment, was also inoperative as to the husband.

Let the judgment be affirmed. The other Judges concur.