## SUSAN MERRITT

*v.*

## WILLIAM F. YATES.

1. ACKNOWLEDGMENTS OF DEEDS—*by married women.* Whilst it is true, that a grammatical inaccuracy in the certificate of acknowledgment of the deed of a married woman for her land should not vitiate it, still it should clearly appear what is intended to be expressed, and it should so appear without mere inference or conjecture. It must appear certainly from the certificate, not only that she executed it, but that she acknowledged its execution.

2. In this case, the certificate of acknowledgment stated that the grantors, naming them, personally appeared and acknowledged the deed, etc., and then proceeded: "And the said ———, wife of the said ———, having been by me examined, etc., acknowledged that she freely executed the deed, and relinquished her dower, etc., without the compulsion of her said husband:" *Held*, that the deed could not be read in evidence.

3. CERTIFICATE OF ACKNOWLEDGMENT—*amendment thereof.* An officer having taken the acknowledgment of a deed, and made a certificate thereof, can not afterwards amend or change his certificate so as to correct an error or mistake. This can only be done by the parties re-acknowledging the deed.

4. Nor can an officer who has taken and certified to the acknowledgment of a deed, at a subsequent time, and years afterwards, cure any defect in the first certificate by making another one on the deed, unless the parties to the deed re-acknowledge it; and if such first certificate is so defective that the deed can not be read in evidence, it will be excluded, notwithstanding such subsequent certificate.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

Messrs. CUNNINGHAM & WEBBER, for the plaintiff in error.

Mr. E. L. SWEET, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff below having introduced evidence to maintain her title, defendant introduced and read in evidence a deed

from her to him for the same premises, to the reading of which plaintiff excepted, on the ground that it was insufficiently acknowledged to pass plaintiff's title, she being a married woman, and the owner of the premises when the deed was executed. The objection is urged in this court as a ground for reversal. This is the certificate of acknowledgment to which objection is made:

"I, Jackson Lewis, a justice of the peace in and for said county, in the State aforesaid, do hereby certify that Susan Merritt and James Merritt, her husband, personally known to me as the same persons whose names are subscribed to the annexed deed. appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument in writing, as their free and voluntary act, for the uses and purposes therein set forth.

"And the said ——, wife of the said ——, having been by me examined, separate and apart, and out of the hearing of her husband, and the contents and meaning of the said instrument of writing having been by me fully made known and explained to her, and she also by me being fully informed of her rights under the homestead laws of this State, acknowledged that she had freely and voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned, and also all her rights and advantages under and by virtue of all laws of this State relating to the exemption of homesteads, without compulsion of her said husband, and that she do— not wish to retract the same. Given under my hand and —— seal, this seventh day of December, A. D. 18–."

According to the authority of the cases of *Tully* v. *Davis*, 30 Ill. 103, *Gove* v. *Cather*, 23 id. 641, and *Owen* v. *Robbins*, 19 id. 553, this acknowledgment was insufficient to pass plaintiff's title. The last paragraph of the certificate does not state who, or whose wife, was made acquainted with the contents of the deed and privily acknowledged the same. Nor does it state who was the husband. But it is urged, that mere grammatical inaccuracy should not vitiate. That is no doubt

true; no matter how ungrammatical the language, so that it can be clearly seen what is intended to be expressed. But that must appear without mere inference or conjecture. Had the justice said, the parties appeared and acknowledged the deed, we might conjecture that it was the grantor or grantee, but the acknowledgment would not so state, either grammatically or ungrammatically. In such a case it might be conjectured that the officer was well qualified to discharge this and every other duty, and that he was careful and painstaking in the discharge of his duty; but even if that were proved, it would not make such a certificate as is required by the statute, and we presume that no one would contend that such an acknowledgment would be sufficient. On principle and in fact, in what consists the difference, if substance is considered?

Whilst many of the forms and ceremonies anciently required in alienations have been dispensed with, still we have not yet reached the point where all substance may be omitted in instruments transferring title to real estate. As land has become more a matter of commerce, the forms of conveyances have been simplified and cheapened, but still reasonable certainty of description of persons and property to be affected must appear. It must be certain that the persons executing acknowledged the deed, and that the *feme covert* who joins in the deed acknowledged its execution, and not that she executed the deed, and some other *feme covert* had it explained to her, and acknowledged that she relinquished her dower or conveyed her estate.

It is also contended, that the subsequent certificate, written by the justice of the peace on the deed some years after the first was made, cured the defective certificate, although the deed was not re-acknowledged. We have been referred to no precedent for such action, and we would confidently expect that none could be found. Anciently, such acknowledgments could only be taken in open court, and entered on the records of the court in proceedings tedious, expensive and encum-

bered with much form. It was at that time regarded of too much moment to be left to the loose and uncertain action of unskillful persons, and the title to property held by married women was guarded with such care as only to permit it to be divested by the judgment of a court of record. Justices of the peace, and the other enumerated officers, have, however, under our laws, been intrusted with the power to take and certify such acknowledgments, and when in conformity with the statute, the act is clothed with the same force and effect that was anciently produced by the judgment of a court of record.

It is said, that courts of record permit amendments to their records—sheriffs to amend their returns, and compel officers by *mandamus* to perform legal duties. There is no rule more rigidly enforced, than that the opposite party must have notice in all cases of amendments of records in matters of substance, and the amendment here is of the very essence of the conveyance itself. And it is true, that the court, in a proper case, and on notice to the opposite party, will permit the sheriff to amend his return. *O'Conner* v. *Wilson*, 57 Ill. 226. But we are aware of no statute or common law practice which authorizes, or in any manner sanctions, the right of justices of the peace to amend their records after they have once been made. To allow a justice to make alterations and changes in his record, at will, and according to his whim, would be fraught with evil and wrong that would be oppressive. Such a power has not been intrusted to the higher courts, and can not be exercised by these inferior jurisdictions.

The case supposed, of compelling a justice of the peace, who refuses to make any certificate of an acknowledgment, by *mandamus*, is not parallel to this case. Here, the justice of the peace, at the time, granted his certificate, and it imports verity. We do not concede that the circuit court has power to compel a justice of the peace, by *mandamus*, to correct a judgment when entered, by mistake, for too large or too small

a sum, or to correct a certificate of acknowledgment in which a mistake has occurred. Such a process can not be used to correct judgments of inferior courts, and the acknowledgment and certificate take the place of the judgment of former times, and import verity, and can not be contradicted any more than can a judgment.

It may be, that the carelessness of the justice has produced hardship and wrong, but that is not a ground for violating rules that have governed the purchase and sale of real estate from the organization of our State. The defendant must be left to his action against the justice, or on the covenants in the deed, or any other remedy he may have in law or in equity.

The deed was improperly read in evidence, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*