[Department Two — March 28, 1883.]

MARGARET M. HUTCHINSON, APPELLANT, *v.* A. G.
AINSWORTH ET AL., RESPONDENTS.

TRANSFER — DEFECTIVE ACKNOWLEDGMENT BY MARRIED WOMAN — EVIDENCE. — The
certificate of acknowledgment of an instrument by a married woman is defective
when it does not state that the notary made her acquainted with the contents of
the instrument upon an examination without the hearing of her husband; and
it is not error to prohibit its introduction in evidence.

ID. — PRACTICE — PLEADING. — When an acknowledgment is properly made but
defectively certified, a party interested may have an action to correct the certifi-
cate; and where, in foreclosure proceedings, objection is made to the introduc-
tion of the mortgage on the ground that the certificate is defective, the plaintiff
should be permitted to amend the complaint and prove that the acknowledgment
was made in compliance with the statute, and have judgment reforming the
certificate.

APPEAL from a judgment of the Superior Court of Alameda
County, and from an order refusing a new trial.

The action was brought to foreclose a mortgage made by defend-
ant Anna Ainsworth, wife of defendant A. G. Ainsworth, upon her
separate property, given to secure the payment of their joint note.

The certificate of acknowledgment attached to the mortgage
was as follows:—

"STATE OF CALIFORNIA, } ss.
    County of Alameda.       }

"On this third day of September, A. D. one thousand eight
hundred and seventy-eight, personally appeared before me, Will.
H. Burrall, a notary public in and for said county, Anna Ains-
worth, described as a married woman and the wife of A. G.
Ainsworth, whose name is subscribed to the annexed instrument
as a party thereto, and who is personally known to me to be the
person whose name is subscribed to the said annexed instrument
as a party thereto; and she, having been by me first made ac-
quainted with the contents of said instrument acknowledged to
me on examination, apart from and without the hearing of her
said husband, that she executed the same, and that she does not
wish to retract the execution of the same.

"In witness whereof I have hereunto set my hand and affixed
my official seal the day and year in this certificate first above
written.

"[NOTARIAL SEAL.]                WILL. H. BURRALL,
                                        "Notary Public."

The defendants objected to the introduction of the mortgage on the ground of insufficiency of the acknowledgment, and the court sustained the objection. The plaintiff then moved to amend the complaint, and be allowed to prove that the acknowledgment was taken in exact conformity to the requirements of the Code, and for a judgment reforming the certificate. This motion the court denied, and gave judgment for plaintiff for the amount of the note, but denied the prayer for a foreclosure of the mortgage.

*William Reade,* and *W. C. Belcher,* for Appellant.

Cited *Wedel* v. *Herman,* 59 Cal. 507; *Murphy* v. *Rooney,* 45 Cal. 78; *Lestrade* v. *Barth,* 19 Cal. 660.

*Geo. W. & W. B. Tyler,* for Respondents.

The authorities are almost unanimous that a deed by a married woman improperly acknowledged is void. (1 Bish. Married Woman, § 589; *Knowles* v. *McCamly,* 10 Paige, 342; *Steele* v. *Thompson,* 14 Binn. 84; *Baxter* v. *Bodkin,* 25 Ind. 172; *Barry* v. *Donley,* 25 Tex. 737; *Willes* v. *Gattman,* 53 Miss. 721; *Marriner* v. *Saunders,* 5 Gilm. 125; *Barrett* v. *Tewksbury,* 9 Cal. 13; *Ewald* v. *Corbett,* 32 Cal. 493; *McLeran* v. *Benton,* 43 Cal. 467; *Morrison* v. *Wilson,* 13 Cal. 498; *Leonis* v. *Lazzarovich,* 55 Cal 52, and cases there cited.)

If the deed is void, it certainly cannot be reformed as *against* Anna Ainsworth and her grantees, either at law or in equity.

Besides the cases cited *supra,* the following are in point: *Leftwitch* v. *Neal,* 7 W. Va. 569; *Hamar* v. *Medsker,* 60 Ind. 413; *Martin* v. *Davelly,* 6 Wend. 1; *Wentworth* v. *Clark,* 33 Ark. 432; *Callahan* v. *Callahan,* 4 Tex. 61; *Butler* v. *Buckingham,* 5 Day, 492; *Lane* v. *McKeen,* 15 Me. 304; *Russell* v. *Ramsey,* 35 Ill. 362; *Dickinson* v. *Glenney,* 27 Conn. 104; *Selover* v. *A. R. Co.* 7 Cal. 266; *Barrett* v. *Tewksbury,* 9 Cal. 13; *Leonis* v. *Lazzarovich,* 55 Cal. 52.

As regards the admission of parol evidence, the following authorities are directly in point; all holding that a defective acknowledgment of a married woman's deed cannot be helped by parol evidence. (*Russell* v. *Ramsey,* 35 Ill. 362; *Trimmer* v.

*Heagy,* 16 Pa. St. 484; *Hayden* v. *Wescott,* 11 Conn. 129; *Elliott* v. *Peirsol,* 1 Peters, 328; *Elwood* v. *Klock,* 13 Barb. 50; *O'Ferrall* v. *Simplot,* 4 Iowa, 381; *Wilkinson* v. *Getty,* 13 Iowa, 157; *Looney* v. *Adamson,* 48 Tex. 619; *Jourdan* v. *Jourdan,* 9 Serg. & R. 268; 1 Bish. Married Women, § 591; *Landers* v. *Bolton,* 26 Cal. 408.)

In all dealings with married women the maxim *caveat emptor* must be applied, and the doctrine of estoppel *in pais* does not apply. (*Morrison* v. *Wilson,* 13 Cal. 495.)

PER CURIAM. — The certificate of acknowledgment was defective, in that it did not state that the notary, upon an examination without the hearing of her husband, made the married woman acquainted with the contents of the instrument. Section 1186 of the Civil Code requires that such separate examination must embrace as well the making her acquainted with the contents of the instrument as the acknowledgment by her; and section 1191 gives the form of the certificate in very plain language. The court, therefore, did not err in sustaining defendants' objection to the admission of the mortgage in evidence.

When the acknowledgment is properly made, but defectively certified, a party interested may have an action to correct the certificate. (§ 1202, Civ. Code.) We see no objection to the joining this action with the action for foreclosure. The court should have permitted plaintiff to amend her complaint and prove, if she could, that the acknowledgment was actually taken in compliance with the statute, and have judgment correcting the certificate.

Judgment and order reversed and cause remanded for proceedings in accordance with this opinion.