# Cox *v.* Holcomb.

| 87 | 589 |
| 104 | 442 |

| 87 | 589 |
| 127 | 188 |

| 87 | 589 |
| 129 | 646 |

*Bill in Equity for Reformation of Defective Conveyance of Homestead, or Specific Performance as Executory Agreement to Convey, and for Injunction against Judgment.*

1. *Reformation or specific performance of conveyance of homestead.* A conveyance of the homestead by husband and wife, to which the certificate of acknowledgment is substantially defective (Code, § 2508), will not be reformed in equity, on the ground that the examination and acknowledgment of the wife were in fact properly made, but were not shown by the officer's certificate from ignorance or mistake on his part; nor will it be specifically enforced, as an executory agreement to convey.

APPEAL from the Chancery Court of Pickens.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed by Mrs. Martha Cox, against D. G. Holcomb as the administrator of the estate of Robert Bridges, deceased, and Mrs. Frances Bridges, who was the widow of said Robert Bridges and the mother of the complainant; and sought relief against a defective conveyance of a tract of land, executed by said Bridges and wife to the complainant, on the facts stated in the opinion of the court. The chancellor sustained a demurrer to the bill for want of equity, and his decree is here assigned as error.

E. D. WILLETT, and J. C. JOHNSTON, for appellant, cited *Garth v. Fort*, 15 Lea, Tenn. 683; *Lowry v. Adamson*,

[Cox v. Holcomb.]

48 Texas, 621; *Johnson v. Taylor*, 60 Texas, 360; *Montgomery v. Simpson*, 25 Ark. 365; *Dalton v. Rust*, 22 Texas, 133; *Hutchinson v. Ainsworth*, 63 Cal. 286; *Brinkley v. Tomeny*, 9 Baxter, Tenn. 275.

D. C. Hodo, *contra*, cited *Balkum v. Wood*, 58 Ala. 642; *Jenkins v. Harrison*, 66 Ala. 345; *Blythe v. Dargin*, 68 Ala. 370; *Van Cleave v. Wilson*, 73 Ala. 387; *Shelton v. Aultman & Taylor Co.*, 82 Ala. 315; *Scott v. Simons*, 70 Ala. 353; *Gardner & Gates v. Moore*, 75 Ala. 395; *Townsley v. Chapin*, 12 Allen, Mass. 478; *Donahue v. Mills*, 41 Ark. 421; *Downing v. Blair*, 75 Ala. 216.

CLOPTON, J.—On October 22, 1878, Robert Bridges and his wife, Frances Bridges, joined in a conveyance of real estate to appellant, upon a recited valuable consideration. The land conveyed included the homestead of the grantor. The officer's certificate of the wife's acknowledgment does not show a substantial compliance with the form prescribed by the statute in such cases—it omits to affirm a privy examination of the wife, and to exclude fear, constraint, or threats on the part of the husband. Appellant seeks by his bill to vacate and annul proceedings in the Probate Court, by which the homestead exemption was allotted to Frances Bridges, after the death of her husband, and to enjoin the enforcement of a judgment recovered by her against appellant, for the possession of the land exempted. The ground of relief is, that the officer before whom the wife's acknowledgment was made, omitted to certify her examination and acknowledgment in the manner required by the statute, from mistake or ignorance of the law, though, as the bill alleges, she was in fact examined separate and apart from her husband, and acknowledged that she signed the deed of her own free will and accord, and without fear, constraints, or threats on his part. The bill prays that complainant be allowed to prove that Frances Bridges was so examined, and made such acknowledgment, so as to constitute the deed a valid and legal conveyance; and failing in this, that the conveyance may be enforced as an executory contract.

In *Gardner v. Moore*, 75 Ala. 394, it was held, that where a mortgage of a homestead was executed by a married man and his wife, in strict conformity with the statute, a court of equity will assume jurisdiction to correct a misdescription in land conveyed and intended to be conveyed. It is not claimed

[Cox v. Holcomb.]

that there is any mistake in the description of the subject-matter, or terms of the conveyance. On the case made by the bill, the jurisdiction of the court is invoked to aid a defective certificate of acknowledgment, or to compel the specific performance of an agreement to convey by a married woman. While no case has been heretofore presented, in which the wife was in fact examined separate and apart from her husband touching her signature to an alienation of the homestead, and made the statutory acknowledgment of her voluntary signature and assent, and the officer before whom the acknowledgment was made omitted to certify in substantial compliance with the statute, the principles which underlie the case, and are decisive of the question involved, should be regarded as well settled. An alienation of the homestead by a married man, not executed by the wife in the manner prescribed by the statute, has been uniformly held to be a nullity,—inoperative to confer any rights. Such alienation does not possess the force and effect of an imperfectly executed conveyance. To give it operation, there must be a subsequent acknowledgment by the wife, properly certified, made voluntarily, and with intent to cure the defect.—*Balkum v. Wood*, 58 Ala. 642. The constitution and statute have reference to some mode of alienation by which the title passes *in præsenti*. They do not contemplate instruments which can be regarded only as agreements to convey. From the performance of an executory contract to alienate the homestead, which is a nullity because of the incapacity of the wife to make such agreement, she may withhold her signature and assent, and the court is powerless to compel performance. It is well settled by our decisions, that the conveyance of the homestead by the husband, though signed by the wife, if not executed in the manner essential to its validity, will not be enforced against her as a contract to convey. *Jenkins v. Harrison*, 66 Ala. 345; *Blythe v. Dargin*, 68 Ala. 370; *Gardner v. Moore, supra.*

By the statute, it is essential to a valid alienation of the homestead by a married man, that the voluntary signature and assent of the wife shall be shown by her privy examination before an officer authorized to take acknowledgments, and by the certificate of such officer, in the form prescribed by the statute, upon or attached to the deed.—Code, 1886, § 2508; *Scott v. Simons*, 70 Ala. 354. The power of the wife to consent to the alienation is derived from the statute. There can be no question, that if no sufficient examination

and acknowledgment have been made, a court of equity will not compel the wife to correct the defective execution. When an order for re-execution is necessary, and the reformation only operates as a re-conveyance, the court will not undertake to reform it. The wife's signature and assent must be voluntary, under the constitution and statute. The omission of the statutory requirement, essential to a valid execution of the deed of a married woman, can not be supplied by the compulsory power of the court.—*Gebb v. Rose*, 40 Md. 387; *Russell v. Rumsey*, 35 Ill. 362.

We have been referred by counsel to decisions in other States, which uphold proceedings to correct defective official certificates in analogous cases. An examination shows that the decisions are rested on local statutes authorizing such proceedings; and some of the cases concede that, in the absence of statutory authority, the court would not assume to correct them.—*Johnson v. Taylor*, 40 Tex. 360; *Hutchinson v. Ainsworth*, 63 Cal. 286; *Koltenbroeck v. Cracraft*, 36 Ohio St. 584. As we have said, the officer's certificate of acknowledgment, in substantial compliance with the statutory form, is as essential to a valid alienation of the homestead, as the examination and acknowledgment of the wife required by the statute. A substantial compliance must affirmatively appear from the certificate itself, which is the sole and exclusive evidence of the voluntary signature and assent of the wife. Parol evidence is inadmissible to supply deficiencies.

It is manifest from the frame and prayer of the bill, that its purpose is to aid or supply the defective execution of the officer's certificate attached to the deed to complainant. The power of the officer to make such certificate is also statutory. Though a court of equity will relieve against the defective execution of a power created by a party, it is well settled that, with few exceptions, it can not relieve against the defective execution of a power created by statute, nor supply any of the formalities requisite to its due execution.—*McBryde v. Wilkinson*, 29 Ala. 662. The officer taking the acknowledgment may, during his continuance in office, voluntarily correct his certificate, or make a new one conforming to the statute, if the facts warrant; but a court of equity will not assume to correct or aid the defective execution of such statutory powers. It follows that the bill of complainant is wanting in equity.—*Wanall v. Kem*, 51 Mo. 150.

This conclusion, to which we are forced, may work hard-

ship; but grantees can avoid such consequences, by taking care to see that their conveyances are properly executed.

Affirmed.