LUCIEN DURHAM, APPELLANT, VS. HERBERT F. STEPH-
ENSON, THOMAS STEPHENSON AND MARY F.
STEPHENSON, WIFE OF THOMAS STEPHENSON, AP-
PELLEES.

1. A demurrer to a bill in equity seeking to make available as
against the whole bill, supposed defects relating to a part only
of the case made and relief prayed, should be overruled.

2. Where written obligations are given for the purchase money of
certain property, containing stipulations to pay reasonable at-
torneys' fees, should it become necessary to collect them
through an attorney, and a mortgage is executed purporting to
secure the payment of the purchase money for said property in
the manner evidenced by said written obligations which are fully
described in the mortgage, such mortgage after maturity and
non-payment of said written obligations can be enforced as a se-
curity for the attorneys' fees as well as for the principal and in-
terest due upon the notes.

3. A married woman's acknowledgment to a mortgage embracing
real estate constituting her separate statutory property, to the
effect 'tthat she signed the same freely and relinquishes all dow-
er and right of dower," is insufficient to render such mortgage
effectual to pass her estate or right in such property.

4. Where a plea not purporting to constitute a defense to the whole
bill is sustained, it is error to dismiss the entire bill, but the
court should retain it for appropriate relief as to matters not
covered by the plea.

5. When an office has taken an acknowledgment and made his cer-
tificate thereof, which has been delivered to and accepted by the
grantee in the conveyance as the evidence of such acknowledg-
ment, his power over the subject matter ceases, and he cannot
subsequently amend his certificate or make a new one, in the
absence of a reacknowledgment, or that which is equivalent
thereto, on the part of the grantor.

Appeal from the Circuit Court for Hillsborough
county.

*Statement.*

On December 15, 1894, appellant filed his bill against appellees in the Circuit Court of Hillsborough county, seeking foreclosure of a mortgage, reading as follows: "This indenture, made this the 17th day of July. A. D. 1893, between Thomas Stephenson, Herbert F. Stephenson and Mary A. Stephenson, wife of Thomas Stephenson, of Tampa, Florida, parties of the first part, and L. E. Durham, of Tampa, Florida, party of the second, witnesseth: That the said parties of the first part, for and in consideration of the sum of two thousand dollars ($2,000.00), grants, bargains, sells and confirms unto the said party of the second part, and to his heirs and assigns, an undivided two-thirds interest in the mill property known as the South Florida Planing Mills, the same being and situate on the reservation, near the Florida Central & Peninsular Railroad; and also that certain parcel, tract or piece of land known as lots one, four, five, eleven, fourteen, nineteen and twenty, of block one, and lots two and twenty-two, of block two, and lots two and three, of block three, and lots three, four, twelve and fifteen, of block four, of a certain subdivision known as El Cerro, according to map or plan of said subdivisions of record in the circuit clerk's office, of Hillsborough county, Florida, together with all and singular the hereditaments and appurtenances thereunto belonging. This instrument is given to secure the payment of the purchase money of the above named mills, and it is to be paid in the following manner, to-wit: Two promissory notes of five hundred dollars ($500.00) each, payable and due on the 17th day of January, 1894, and two promissory notes due on the 17th day of July, 1894. A true copy of said notes is hereby set out: $500.00. Tampa, Fla., July 17th, 1893. Six months after date

8

we promise to pay to the order of L. E. Durham, five hundred dollars, at the First National Bank of Tampa, Florida, for value received, with interest from date at the rate of ten *per cent. per annum* until paid. Now should it become necessary to collect this note through an attorney, either of us, whether maker, security or en-dorsee on this note, hereby agrees to pay all costs of such collection, including a reasonable attorney's fee.

HERBERT F. STEPHENSON.
THOMAS STEPHENSON.

The condition of this agreement is such that whereas the said parties of the first part, being indebted as above set forth, now, therefore, if the said notes shall be paid according to this agreement at maturity, principal and interest, then this deed shall be null and void; other-wise to remain in full force and effect.

HERBERT F. STEPHENSON,
THOMAS STEPHENSON,
MARY A. STEPHENSON.

Signed, sealed and delivered in presence of William Hunter, R. W. Easley.

State of Florida, Hillsborough County: I hereby certify that on this, the 17th day of July, 1893, before me, R. W. Easley, a notary public, personally appeared Thomas Stephenson, Herbert Stephenson and Mary A. Stephenson, wife of the said Thomas Stephenson, and acknowledged that they signed the foregoing instrument for the uses and purposes therein set out; and the said Mary A. Stephenson, on an examination taken separate and apart from her husband, acknowledged that she signed the same freely and relinquishes all dower and right of dower. Witness my hand and seal of office at Tampa, date aforesaid. R. W. Easley, Notary Public, Hillsborough county, Florida. (Seal)."

This mortgage was filed for record and recorded in the office of the clerk of the Circuit Court of Hillsborough county on July 26, 1893. The four notes mentioned in the mortgage were attached to the bill, as exhibits, and it was alleged that they were past due, and unpaid, except the sum of $1,580.58. The bill prayed an accounting of the amount due upon the notes for principal, interest and attorney's fees; that the mortgaged premises be sold to pay same, and that defendants be barred of their right and equity of redemption in such premises. Herbert F. Stephenson demurred to the bill upon various grounds, the first alleging that there was no equity in the bill, and the fourth that "the complainant in and by his said bill seeks to recover attorney's fees from this defendant, as well as from his co-defendants, for the foreclosure proceedings in this suit, when the so-called mortgage attached as one of the exhibits to said bill does not provide for the payment of attorney's fees by any of said defendants."

Thomas Stephenson and Mary A. Stephenson, his wife, filed a plea "that all the parcels of real estates described in the said bill of complaint, to-wit: Lots 1, 4, 5, 11, 14, 19 and 20, of block 1, and lots 2 and 22, of block 2, and lots 2 and 3, of block 3, and lots 3, 4, 12 and 15, of block 4, of a certain subdivision known as El Cerro, according to a map thereof duly recorded, were at the time of the execution of the alleged deed or mortgage, and still are, the separate statutory property of the defendant Mary A. Stephenson, wife of the said Thomas Stephenson, the title thereto being vested in the said Mary A. Stephenson, and that the said Mary A. Stephenson has never legally conveyed the same to the complainant, either by mortgage, deed or otherwise, and therefore the complainant has no mortgage lien thereon,

and the same is not subject to foreclosure and sale as the complainant seeks to have done in and by his said bill." Issue was joined on this plea, and on February 12, 1895, a decree was entered reciting that the case was submitted to the court upon the issue joined on the plea, and an agreed statement of facts, together with the original mortgage as matters of evidence; that thereupon after argument of counsel the court sustained the plea, and directed that the bill be dismissed; but before entry of a formal order to that effect, complainant asked leave to amend his bill by filing with and as a part thereof an amended certificate of the officer who took the acknowledgment of the mortgage sought to be foreclosed, the proposed amended certificate being in the following language: "State of Florida, County of Hillsborough. I hereby certify that on the 17th day of July, A. D. 1893, Mary A. Stephenson, wife of Thomas Stephenson, appeared before me, and on a private examination, separate and apart from her said husband, acknowledged that on the 17th day of July, A. D. 1893, she executed a certain deed of mortgage to L. E. Durham on the following property, to-wit: An undivided two-thirds interest in the mill property known as the South Florida Planing Mills, the same being situate on the reservation near the Florida Central & Peninsular Railroad, and also that certain tract, parcel or piece of land known and described, as follows: Lots 1, 4, 5, 11, 14, 19 and 20, of block 1, and lots 2 and 22, of block 2 and lots 2 and 3, of block 3, and lots 3, 4, 12 and 15, of block 4, of a certain subdivision known as El Cerro, according to the map or plan of said subdivision on record in the circuit clerk's office of Hillsborough county, Florida; that she executed said mortgage with intent thereby to renounce and relinquish all her right, title,

property and estate at law, in equity, of, in and to the said lands, and that the relinquishment and renunciation was made freely and voluntarily, without compulsion, constraint, fear or apprehension of or from her said husband. Witness my hand and official seal this the 9th day of February, A. D. 1895.

(Seal.) R. W. EASLEY,
Notary Public Hillsborough County.

The court denied this motion to amend, and sustained the plea.

On the same day, complainant having amended the bill so as to obviate the defects pointed out by the demurrer of Herbert F. Stephenson, except the first and fourth grounds thereof, the court overruled the first ground of demurrer, and sustained the fourth, and complainant declining to further amend his bill, a decree was entered dismissing the bill, from which this appeal was taken to our June term, 1895. The agreed statement of facts submitted at the hearing is not incorporated into the record on appeal.

*Wall & Stevens*, for Appellant.

*No Appearance* for Appellees.

CARTER, J.:

I. The bill was an ordinary one for foreclosure of a mortgage, and we perceive no defect which renders it subject to demurrer for want of equity. The first ground of the demurrer filed by Herbert F. Stephenson was, therefore, properly overruled. The fourth ground of demurrer should have been overruled because it was too broad. It sought to make available in bar of the whole bill, supposed defects relating to a part only of

the relief prayed, *viz*: the recovery of attorney's fees for foreclosure of the mortgage. Aside from this, we think the mortgage does provide for the payment of attorney's fees by Herbert F. Stephenson. He executed the notes secured by this mortgage, and they each contain a clause binding the makers for the payment of a reasonable attorney's fee should it become necessary to collect the note through an attorney. The mortgage was made to secure the payment of purchase money for the planing mills in the manner evidenced by the four notes. If paid at maturity, nothing but principal and interest would be collectable, but if paid thereafter, and after it became necessary to collect through an attorney, reasonable attorney's fees would become a part of the amount due upon the notes, and secured by the terms of the mortgage.

II. We think the court's ruling upon the plea of Thomas Stephenson and Mary A. Stephenson was correct. The real estate attempted to be conveyed by the mortgage was the separate statutory property of Mary A. Stephenson, in whom the title was vested. The certificate of the officer attached to the mortgage showed that Mary A. Stephenson, on a separate examination, acknowledged that she signed the instrument freely and relinquished all dower and right of dower in the property attempted to be conveyed. This certificate was obviously defective, because it failed to show that Mrs. Stephenson acknowledged that she "executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband," as required by section 1958, Revised Statutes. By the express terms of this section such acknowledgment is necessary "to render such * mortgage, * * whether of separate estate or of dower, effectual to pass a mar-

ried woman's estate or right." This plea did not pur-
port to be a defence to the whole bill. The mortgage
embraced other property not covered by the plea. Upon
sustaining the plea the court should not have dismissed
the bill, but ought to have retained it for relief as to
property not embraced in the plea.

III. The court below properly refused to permit the
proposed amendment to the bill offered by the com-
plainant. The officer's certificate, submitted as a part of
such amendment, was made nearly nineteen months
after the execution, delivery and record of the mort-
gage. At the time of the execution of the mortgage he
had given a certificate of the acknowledgment taken by
him, which certificate had been accepted by complainant
as a part of and recorded with the mortgage. Under
these circumstances the officer's powers with respect to
such acknowledgment had ceased long before the execu-
tion of the amended certificate, and his subsequent cer-
tificate without a re-examination was a nullity. We are
referred to several cases from Indiana, Mississippi and
Missouri which it is claimed sustain the proposition that
an acknowledgment is a matter *in pais*, and the officer's
certificate the evidence thereof, and that the certificate
may be amended by the officer at any time while he
remains in office so as to speak the truth. We hold that
upon principle when an officer has taken an acknowledg-
ment and made his certificate thereof which has been
delivered to and accepted by the grantee as the evi-
dence of such acknowledgment, his power over the sub-
ject-matter ceases, and he can not subsequently amend
his certificate, or make a new one, in the absence of a
re-acknowledgment, or what is equivalent thereto, on
the part of the grantor. The following authorities sus-
tain this view, and the opposing decisions we think are

unsound: I Delvin on Deeds, §§542 *et seq.*; Bours v. Zachariah, 11 Cal. 281, S. C. 70 Am. Dec. 779; Griffith v. Ventress, 91 Ala. 366, 8 South. Rep. 312; Enterprise Transit Co. v. Sheedy, 103 Pa. St. 492, S. C. 49 Am. Rep. 130; McMullen v. Eagan, 21 W. Va. 233; Elliott v. Peirsol, 1 Pet. 328; Merritt v. Yates, 71 Ill. 636, S. C. 23 Am. Rep. 128.

As a result of the views herein expressed, the decree of the court below sustaining the plea of the defendants Thomas Stephenson and Mary A. Stephenson, and refusing to permit the amendment proposed to the bill by complainant, is affirmed. The decree sustaining the fourth ground of the demurrer of Herbert F. Stephenson, and dismissing the bill of complaint, is reversed, with directions to the Circuit Court to enter an order overruling the demurrer, and for further proceedings consistent with equity practice and this opinion.