438        SUPREME COURT        [Vol.

[Alford v. Doe, ex dem. First National Bank of Gadsden.]

# Alford *v.* Doe, *ex dem.*, First National Bank of Gadsden.

## *Ejectment.*

(Decided April 14, 1908.   Rehearing denied July 3, 1908.
47 South. 230.)

*Acknowledgment; Time of Making; Certificate.*—Although an officer qualified to take acknowledgment, attested the signature of the mortgagor and his wife, such officer could not at a later day, after the delivery of the mortgage to the mortgagee, make and attach certificate of acknowledgments of the mortgagor and his wife without recalling the parties.   (Tyson, C. J., and Simpson, J., dissents.)

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Common law ejectment by the First National Bank of Gadsden against W. J. Alford.   Judgment for plaintiff and defendant appeals.   Reversed and remanded.

CULLI & MARTIN, for appellant.   Although the attesting witness was an officer, he had no authority after the execution of a mortgage and delivery to a mortgagee to make and certify the acknowledgment of the mortgagors without recalling them, especially to the homestead.— *Cox v. Holcomb,* 87 Ala. 592; *Griffith v. Ventress,* 91 Ala. 374; *Scott v. Simons,* 70 Ala. 377; 61 Ala. 263; Ib. 631; 66 Ala. 600; 55 Ala. 338; 95 Ala. 514; 139 Ala. 421; 119 Ala. 518.

HOOD & MURPHREE, for appellee.   The acknowledgement was sufficient.—*Davis, et al. v. Gerson,* 45 Ala. 587; *Kerr v. Russell,* 69 Ill. 671; 2 Jones on Conveyancees, secs. 1137, 1198, 1217, 1221, 1252-56.

DOWDELL, J.—This is a common-law action of ejectment.   The defendant disclaimed as to a part of the land sued for and pleaded not guilty as to the re-

mainder.   The validity of the mortgage, the foundation
of the title relied on by the plaintiff for a recovery, is
presented for our consideration.

The land in question was the homestead of the defend-
ant, who was a married man.   The husband and wife
both signed the mortgage in the presence of one W. W.
Wester, a notary public, who attested the same as a wit-
ness.   The undisputed facts are that at the time of the
signing of the mortgage by the defendant and his wife,
and the attestation by Wester as a witness, no certificate
of acknowledgement of either the defendant or his wife
was made by the said Wester, as provided for in section
2034 of the Code of 1896; but the mortgage, as signed
by the defendant and his wife and attested by Wester
as a witness, was then and there delivered to the mort-
gagee, Griffith.   Seven days subsequent to the execution
and delivery of the mortgage as above stated a certifi-
cate of acknowledgement by the defendant, and one by
the wife on privy examination in due form as prescribed
by the statute, purporting to have been made by the said
Wester as notary public, were attached to the mortgage.
These certificates bore date of February 21, 1892, which
was 10 years prior to the date of the mortgage; the lat-
ter bearing date of February 21, 1902.   Wester, who
testified as a witness for the plaintiff, swore on his ex-
amination that the signature to the certificate looked
like his, and he thought it was his, but that he had no
recollection of making the certificate, and, if he did
make it, it was made some time after the mortgage had
been delivered to Mr. Griffith (the mortgagee), and that
it was either mailed or sent to Mr. Griffith; that he
(witness) did not "pin" it to the mortgage.   The evi-
dence is also undisputed that the defendant and his wife
were never before the officer at any other time than on

the day of the signing and delivery of the mortgage for the purpose of an acknowledgment of their signatures to the mortgage.

On the facts, the present case falls neither directly within the doctrine of the case of *Monroe v. Arthur,* 126 Ala. 362, 28 South. 476, 85 Am. St. Rep. 36, nor of *Chattanooga B. & L. Association v. Vaught,* 143 Ala. 389, 29 South. 215. In the former case, on the principle that the act of the officer in taking the acknowledgment, and making the certificate was in its nature judicial, it was ruled that the certificate, like the judgment of a court, could not for extrinsic matter be collaterally assailed, as was attempted in that case, when valid on its face. In the latter, the *Vaught Case,* while the attack was collateral, the question was one of the officer's jurisdiction. Want of jurisdiction of the person by the officer rendered the judgment void, and open to be assailed collaterally as well as directly. The facts in that case are not fully set out in the reported volume, but on inspection of the original record we find that it was shown that the officer making the certificate never at any time had the party whose acknowledgment he certified to before him, or, in other words, never acquired jurisdiction of the party. The facts in the case before us present a question not involved in the two cases above mentioned; the question here being whether or not an officer, who attests a deed or mortgage as a witness, has authority under the law, after the execution and delivery of the conveyance to the grantee and at an indefinite time, to make and attach a certificate of the wife's acknowledgment on privy examination, without having again had the wife before him for that purpose. It is not denied that without a valid certificate of the wife's privy examination and acknowledgment, attached to

[Alford v. Doe, ex dem. First National Bank of Gadsden.]

the mortgage conveying the husband's homestead and made as required by the statute, the conveyance is absolutely void.

There is an expression in the case of *Cox v. Holcomb,* 87 Ala. 589-592, 6 South. 309, 13 Am. St. Rep. 79, to the effect that the officer taking the acknowledgment may, during his continuance in office, voluntarily correct his certificate, or make a new one conforming to the statute, if the facts warrant. The principle stated, however, was not a question for decision in that case, and it has in later cases by this court been referred to as dictum, and disapproved as an erroneous statement of the law. In the case of *Griffith v. Ventress,* 91 Ala. 366, 8 South. 312, 11 L. R. A. 193, 24 Am. St. Rep. 918, where the certificate of the officer made and attached to the conveyance was defective, and the officer, without having the grantor before him for a reacknowledgment, attached a new certificate to the conveyance conforming to the statute, it was ruled that the second certificate was without authority of law, and therefore invalid. In that case, after a review of the authorities, and disapproving the principle stated in *Cox v. Holcomb, supra,* and declaring the same to be dictum, this court, speaking through Coleman, Jr., said: "They [referring to the principles laid down as the law in that case] may work a hardship in some cases; but they afford a much safer protection to titles than to leave such important interests to the voluntary action and uncertain memory of the officers authorized by statute to take acknowledgments and make the certificates. If he can add to a certificate, why not subtract from it? If he can make a new certificate 4 years after the deed has been delivered and recorded why not 20 years after, and perhaps after parties and witnesses have died? If courts of law and equity are powerless to inquire into and determine the

correctness of these certificates, and change them in accordance with the real facts, it is difficult to perceive why such power should rest with the officer who made them. We hold that the second certificate was made without legal authority, and is invalid." In *Hodges v. Winston,* 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241, the court, speaking through Walker, J., said: "This court, after a full consideration of the question, has decided that when a deed has been delivered to the parties, and has been accepted for record, or as the complete execution of the instrument, the officer before whom the grantors acknowledged it has no power to alter or add to his certificate, without a re-acknowledgment"—citing *Griffith v. Ventress, supra.* Manifestly the conclusion rests upon the proposition that, after a completed execution of the instrument by a delivery to the grantee, the power and authority of the officer is terminated, without a reacknowledgment by the parties.

In the case before us there was a completed execution of the instrument by a delivery of it to the grantee. Seven days thereafter a certificate in due form is "pinned" to the instrument, purporting on its face to have been made by W. W. Wester, notary public. The said W. W. Wester, who was introduced as a witness by the plaintiff, and therefore vouched for by the plaintiff as worthy of belief, is positive that he did not attach the certificate to the instrument, and further says, while the signature looks like his, he has no recollection of having made it; and he further testifies that, if the certificate was made by him, it was not done at the time of the execution and delivery of the mortgage to Griffith, the mortgagee, but subsequent thereto, and that after the execution and delivery of the mortgage he (Wester) never had the parties before him for the purpose of acknowledgment. He further testifies positively and un-

equivocally that he did not attach the certificate to the mortgage. This evidence is without dispute. It is true this witness testified, in answer to a question by the plaintiff, "Did you have the parties before you and question them about the mortgage note." Again the witness was asked by the plaintiff: "If you made the certificate here shown, did you not examine the parties with reference to the mortgage note, and was the certificate made with reference to said mortgage?" The witness answered: "I had the parties before me, and I examined them with reference to the mortgage, and the certificate, if I made it, was made with reference to this mortgage." This witness then further testified: "I am sure that at the time the mortgage was executed and delivered to Mr. Giffith I had no certificate of acknowledgment; that, if I made this certificate, I did not have the mortgage before me at the time I wrote it out, as it had been delivered to the mortgagee. I did not attach the certificate to the mortgage note. I have no recollection of making this certificate. If I made the certificate at all, it was made some time after the mortgage had been delivered to Mr. Griffith, and that the certificate was either mailed or sent to Mr. Griffith. I do not know who pinned the certificate to the mortgage."

The original mortgage, with the certificate pinned to it, had been offered in evidence by the plaintiff and was excluded on the objection of the defendant; but, in connection with the testimony of the said Wester, it was again offered by the plaintiff, and admitted by the court, against the objection of the defendant. The original mortgage, with the certificate "pinned" to it, is certified under the rules to this court for our inspection. On the back of the mortgage is the indorsement of the probate judge showing that it was filed in his office on the 28th day of February, 1902, and recorded on the 4th day of

March, 1902. The certificate pinned to the mortgage had no indorsement of any nature on it. The plaintiff then offered in evidence a certified copy of the record of the mortgage, as stated in the bill of exceptions, "for the purpose of showing the said certificate made a part of the mortgage at the time of recording." From all this evidence it affirmatively appears, and without dispute, that no certificate was made or attached to the mortgage until after the execution and the delivery of the same, and not until at least seven days afterwards, if then, and without ever recalling the parties before him for the purpose of re-examination and acknowledgment. As statetd above, the principle laid down and the conclusion reached in the cases of *Griffith v. Ventress* and *Hodges v. Winston, supra,* is based upon the legal proposition of the termination of the officer's power and authority with the completed execution and delivery of the deed to the grantee.

It is illogical to say that the officer who has had the parties before him and examined them for the purpose of taking their acknowledgment, and makes a certificate which is defective, cannot without recalling the parties before him, correct the defective certificate or make a new one, as was decided in the cases cited above, and yet, where he made no certificate at all, may, without recalling the parties, make and attach his certificate after the deed has been delivered. We are unable to see any merit in such a suggestion. The facts in the case before us serve to illustrate the soundness of the reasoning in the case of *Griffith v. Ventress, supra,* that it is unsafe to leave so important a matter as titles to land open to such uncertainty.

Our conclusion is that the certificate, for the reasons above stated, was unauthorized by law, and, the land being the homestead of a married man, without a proper

[Alford v. Doe, ex dem. First National Bank of Gadsden.]

certificate of the acknowledgment of the wife, the mortgage as a conveyance of the homestead was void. It follows that the judgment appealed from must be reversed.

Reversed and remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur. TYSON, C. J., and SIMPSON, J., dissent.

McCLELLAN, J. (concurring).—I concur in the conclusion reached on this appeal, but on this ground. By the letter of Code 1896, § 2034, a compliance in respect of a separate acknowledgment by the wife with the requirements in the premises must be shown by "the certificate of such officer upon or attached to such mortgage, deed, or other conveyance, which certificate must be substantially in the following form." Emphasizing the physical intimacy contemplated by the statute between the instrument and the certificate of the facts stipulated in the statute, the word "within" is employed several times in the form given. It appears from the record, and that without dispute, that the officer called to take and certify the separate acknowledgment of the wife to the conveyance of the homestead in question never entered his certificate upon, nor attached it to, the mortgage. If this be true, the express requirement of the statute cited was not complied with, and there was no acknowledgment of the wife, as provided by the statute, and the instrument was and is a nullity. The original papers are before us, and there is no claim that the requisite certificate was written or indorsed upon the mortgage, so that the only possibility of compliance must be found in the attaching of the certificate to the instrument.

[Tennessee C. I. & R. R. Co. v. Pratt Consolidated Coal Co.]

It is suggested, however, that the fact of simultaneous (if so) recordation in the probate office of both the instrument and the certificate now attached thereto—two separate papers without identifying reference by either to the other—is some evidence, or is prima facie evidence, that the certificate paper was attached to other papers. This cannot be, any more than the consecutive mechanical entering on record of five vendor's lien notes would be evidence that they were attached to each other. Certainly, if the officer taking the acknowledgment had not attached the certificate to the instrument, the recording officer could not supply that vital service. Accordingly the writer thinks that the mortgage should not have been admitted in evidence, and the determination of its admissibility was for the court, and not the jury, and this depended wholly upon an efficacious acknowledgment by the wife.