H. E. ROBINSON AND T. F. SAMUEL, DOING BUSINESS UNDER THE FIRM NAME OF ROBINSON & SAMUEL, *Appellants*, v. A. M. BRUNER AND E. J. BRUNER, HIS WIFE, *Appellees.*

Division A.

Opinion Filed October 27, 1927.

*Giles & Gurney,* for Appellants;

*Alexander Akerman* and *George W. Fox,* for Appellees.

PARKS, Circuit Judge:

This is a suit for specific performance of a contract entered into between Harry E. Robinson and Thomas F. Samuel, vendees, against A. M. Bruner and wife, Mrs. A. M. Bruner, otherwise known as Mrs. E. J. Bruner, vendors.

Complainants, Robinson and Samuel, allege in their bill that on the 6th day of November, 1924, the defendants executed a certain contract of sale for the conveyance of certain real estate; that they had complied with all of the obligations imposed upon them by the terms and conditions of the said contract and that the defendants had refused to comply with the obligations imposed upon them by the terms of the contract and refused to convey the premises in accordance with the terms of the said agreement.

A copy of the agreement is attached to the bill and by reference made a part thereof and appears to have been executed with all due formalities. The prayer is that specific performance be granted. The defendants Bruner filed their joint answer admitting that they signed the contract described in the bill of complaint but denying that the contract was acknowledged by the defendant E. J.

Bruner separately and apart from her husband, A. M. Bruner, as required by Section 3803 of the Revised General Statutes; that at the time of delivering the contract to Robinson and Samuel and themselves and the acceptance of the same by all parties, the contract bore no other certificate of acknowledgment and no other certificate of acknowledgment was attached to the same excepting the following:

State of Florida  } ss.
County of Orange

I, Ella M. Logan, a Notary Public in and for the County of Orange and State of Florida, do certify that A. M. Bruner and Mrs. A. M. Bruner, his wife, whose names are signed to the within document have this day appeared before me in my said county and state and duly acknowledged the same.

Given under my hand and seal this 6th day of November, A. D. 1924.

(Signed) ELLA M. LOGAN,
Notary Public.

My commission expires February 12, 1925.

That thereafter, on the 20th day of November, 1924, without having Mrs. Bruner appear before her, the said Notary Public attached another and further certificate of acknowledgment to the contract reciting that E. J. Bruner, wife of A. M. Bruner, upon an examination taken by her separate and apart from her said husband, acknowledged that she executed the agreement freely and voluntarily and without any constraint, compulsion, apprehension or fear of or from her said husband; and thereafter the complainants published said fraudulent, altered and changed contract and certificate of acknowledgment on the 20th day of November, 1924, tendering the same for record on that

day to the Clerk of the Circuit Court of Orange County and causing the same to be spread upon the records of the county.

The answer further alleges that the land described in the contract was the homestead of the defendant, A. M. Bruner. Defendants deny that they are bound because there was no separate examination and acknowledgment of Mrs. Bruner.

The cause came on for hearing before the chancellor upon the complainants' petition for a temporary injunction upon certain grounds which are not necessary to set forth in this opinion. The pleadings raise other issues but none is of controlling importance in the decision of this case and we omit all discussion of them.

The chancellor denied the prayer for temporary injunction upon the ground that the acknowledgment was insufficient and the contract invalid from which order the complainants have appealed.

The record discloses that the contract was signed by the respective parties, that the lands were the homestead of defendants, that the acknowledgment hereinbefore specifically set out in *haec verba* was signed by the notary public and duplicate copies of the contract were delivered and accepted by the parties at the time and place of the signing of the certificate on November 7th.

It also appears that there was in fact a separate examination and acknowledgment of the wife, E. J. Bruner, by the notary public, as required by Section 3803 of the Revised General Statutes on November 7th at the time and place of the signing of the contract and certificate.

It further appears that later, on the 20th of November, Mrs. Bruner, in the absence of her husband, but with his consent, and at the request of complainants called the notary over the telephone and informed her that she under-

stood the certificate attached to the contract was defective and requested her to attach a proper certificate. The notary thereupon attached a certificate to complainants' copy of the contract in all respects in compliance with the statute. There was never a personal appearance of Mrs. Bruner before the notary after the execution and delivery of the duplicate copies of the contract on November 7th, nor was there any re-execution and delivery of the contracts between the parties.

·We shall treat the question raised by the record as being, first, can the officer taking the acknowledgment of the contract to convey real estate after delivery of the instrument to the parties vendor and vendee and acceptance by them amend his certificate by attaching thereto the necessary recitals required by statute in cases of married women's conveyances so that the certificate will speak the truth and set forth the facts actually happening at the time of taking the acknowledgment, viz: the proper and correct separate examination and acknowledgment of the wife; secondly, was the notary warranted in attaching the certificate of November 20th under the circumstances narrated.

In 1 R. C. L., page 289, the following statement was made with reference to the power of an officer taking an acknowledgment to amend his certificate:

"There seems to be no substantial reason why the officer who takes an acknowledgment should not be allowed, within reasonable limits, to amend his certificate, if defective, so as to make it speak the truth and conform to the facts. And this is the position taken by the weight of modern decision, although authorities to the contrary are numerous.

"It is not understood, however, that the officer may amend a defective certificate at an indefinite time after taking the acknowledgment. The amendment no doubt

must be made within a reasonable time, and a correction properly made be held invalid when made only after the lapse of years or months. The amendment, it would seem, need not be made before the officer has parted with possession of the instrument, though there are authorities to the contrary; but it is obvious that no effectual amendment may be made after the instrument has been entered in the public records. Whether the officer may make the correction after the expiration of this term of office is a question upon which the courts are divided, the position of those denying the power to correct being based apparently upon the ground that the officer acts judicially in taking the acknowledgment. But the weight of modern authorities deems the officer's act to be ministerial only, and if this view be accepted there would seem to be no reason for denying the power of amendment after the officer's term of office has expired.''

We shall confine our discussion in this opinion to the cases cited by the text above quoted with the addition of the case of Durham v. Stephenson, 41 Fla. 112, 25 South. Rep. 284.

In Cox v. Holcomb, 87 Ala. 589, 6 South. Rep. 309, 13 A. S. R. 82, it is said:

''We have been referred by counsel to decisions in other states which uphold proceedings to correct defective certificates in analogous cases. An examination shows that the decisions are rested on local statutes authorizing such proceedings; and some of the cases concede that, in the absence of statutory authority, the court would not assume to correct them; Johnson v. Taylor, 40 Texas, 360; Hutchinson v. Ainsworth, 63 Cal. 286; Kollenbrock v. Cracroft, 36 Ohio State, 584.

''As we have said, the officer's certificate of acknowledgment in substantial compliance with the statutory form,

is as essential to a valid alienation of the homestead, as the examination and acknowledgent of the wife required by statute. A substantial compliance must affirmatively appear from the certificate itself, which is the sole and exclusive evidence of the voluntary signature and assent of the wife. Parol evidence is inadmissible to supply deficiencies. * * *

"The power of the officer to make such certificate is also statutory. Though the court of equity will relieve against the defective execution of a power created by a party, it is well settled that, with few exceptions, it cannot relieve against the defective execution of a power created by statute, nor supply any of the formalities requisite to its due execution. McBryde v. Wilkinson, 29 Ala. 662. The officer taking the acknowledgment may, during his continuance in office, voluntarily correct his certificate or make a new one conforming to the statute, if the facts warrant; but a court of equity will not assume to correct or aid the defective execution of such statutory powers. Wanall v. Kem. 51 Mo. 150."

It will be noted that the last portion of the paragraph quoted from Cox v. Holcomb, *supra*, seems to support the position taken by the text, but in Griffith v. Ventress, 91 Ala. 366, 8 South. Rep. 312, the same court, speaking of the last above paragraph in that opinion, after discussing the case of Wanall v. Kem, *supra*, says:

"The case in 51 Mo. has been discussed at length, because it was referred to in 87 Ala., Cox v. Holcomb. After a careful examination, we hold, it is not an authority in point, and it has been expressly declared an *obiter dictum* by the later decisions of the same State. * * *

"Many authorities are cited in the American and English Encyclopaedia of Law, p. 150; Amer. Dec. 522, and upon investigation, we find the great weight of authority

and reason in support of the propositions, that the power conferred on certain officers to take acknowledgements to deeds of conveyance is statutory, and courts of law or equity have no jurisdiction to amend or correct defective executions of the power; that the acknowledgment and certificate are essential parts of the conveyance; that the officer before whom the acknowledgment is made, and who is required to make the certificate, acts judicially when certifying to the acknowledgment made before him; and when delivered to the parties, and accepted for record, or as the complete execution of the instrument, he has no power to alter, add to, or make a new certificate, without a re-acknowledgment.''

And again the same court in Alford v. Doe, 156 Ala. 438, 47 South. Rep. 230, 22 L. R. A. (N. S.) 216, says:

''From all this evidence it affirmatively appears, and without dispute, that no certificate was made or attached to the mortgage until after the execution and the delivery of the same, and not until at least seven days afterwards, if then, and without ever recalling the parties before him for the purpose of re-examination and acknowledgment. As stated above, the principle laid down and the conclusion reached in the cases of Griffith v. Ventress and Hodges v. Winston, *supra,* is based upon the legal proposition of the termination of the officer's power and authority with the completed execution and delivery of the deed to the grantee.''

''It is illogical to say that the officer who has had the parties before him and examined them for the purpose of taking their acknowledgment, and makes a certificate which is defective, cannot without recalling the parties 'before him, correct the defective certificate or make a new one, as was decided in the cases cited above, and yet, where he made no certificate at all, may, without recalling the par-

ties, make and attach his certificate after the deed has been delivered. We are unable to see any merit in such a suggestion. The facts in the case before us serve to illustrate the soundness of the reasoning in the case of Griffith v. Ventress, *supra,* that it is unsafe to leave so important a matter as titles to land open to such uncertainty.' ''

We agree with the discussion of this point in Griffith v. Ventress, *supra,* of the cases of Bours v. Zachariah, 11 Cal. 281, 70 Am. Dec. 786; Merritt v. Yates, 71 Ill. 636, 22 Am. Rep. 130. And this discussion of these cases clearly shows that they are no authority for the text but are directly to the contrary. The cases of Jordan v. Corey, 2 Ind. 385, 52 Am. Dec. 516; and Westhafer v. Patterson, 120 Ind. 459, 22 N. E. Rep. 414, 16 A. S. R. 330, support the text, but as disclosed in the discussion of Jordan v. Corey, in Griffith v. Ventress, that case was erroneously based on Elliott v. Peirsol, 1 Pet. 328, 7 L. Ed. 164. We see no good reason for setting forth that discussion but refer the reader to it.

In Stone v. Sledge, 87 Texas 49, 26 S. W. Rep. 1068, 47 A. S. R. 65, the court says:

''But in order to prevent any misconception which may arise from the opinion of the Court of Civil Appeals upon that question, we will say, that if the point were before us we are inclined to think that we should be constrained to hold, that the officer while in office had power to amend his certificate. There has been no decision in our court upon the question, but the previous intimations of the court are in favor of that view. McKellar v. Peck, 39 Texas, 381 same case, 33 Texas, 234. It must, however, be conceded, as we think, that the weight of authority elsewhere supports the opinion of the Court of Civil Appeals.''

The case of Enterprise Transit Company v. Sheedy, 103

Pa. St. 492, 49 Am. Rep. 130, is in direct conflict with the text. In that case it is said in a *per curiam* decision:

"The parties to the instrument did not again come before him, but he certifies what occurred months before. * * * Effect cannot be given to this latter action of the notary public."

The case of Cook v. Pittman, 144 N. C. 530, 57 S. E. Rep. 219, 119 A., St. Rep. 985, is not authority for the text except to the extent that it holds that:

"One who has certified a married woman's acknowledgment cannot, after going out of office, correct a defect in the certificate."

This Court, in Bank of Jennings v. Jennings, 71 Fla. 145, 71 South. Rep. 31, decided that the act of the officer in taking an acknowledgment to a conveyance of real estate is *quasi-judicial* in character, and not ministerial, as it is said to be in certain of the courts of the United States and many of the States in Cooper v. Harnston, 97 Tenn. 285, 56 Am. St. Rep. 795, but as held in Elliott v. Peirsol, *supra,* this would seem to make no difference in the decision of the question.

From the above discussion of the preceding authorities cited in the text quoted (1 R. C. 'L. 289, *supra*), we think that it clearly appears that after delivery of the instrument and acceptance by the parties thereto the officer taking the acknowledgment may not amend the certificate of acknowledgment to set forth the true facts of the separate examination and acknowledgment of the wife without a re-acknowledgment. We have already held, and we reaffirm that holding here, that this could not be done in the case of Durham v. Stephenson, 41 Fla. 112, 25 South. Rep. 284, wherein we said:

"We hold that upon principle when an officer has taken an acknowledgment and made his certificate thereof which

has been delivered to and accepted by the grantee as the evidence of such acknowledgment, his power over the subject-matter ceases, and he cannot subsequently amend his certificate, or make a new one, in the absence of a re-acknowledgment, or what is equivalent thereto, on the part of the grantor. The following authorities sustain this view, and the opposing decisions we think are unsound:

"Delvin on Deeds, 542 et seq.; Bours v. Zachariah, 11 Cal. 281, S. C. 70 Am. Dec. 779; Griffith v. Ventress, 91 Ala. 366, 8 South. Rep. 312; Enterprise Transit Co. v. Sheedy, 103 Pa. St. 492, S. C. 49 Am. Rep. 130; McMullen v. Eagan, 21 W. Va. 233; Elliott v. Peirsol, 1 Pet: 328; Merritt v. Yates, 71 Ill. 636."

A citation of that case might be considered as being all that was necessary in deciding this case had it not been for the statement from R. C. L., *supra*, to the contrary, which work we have frequently cited in our opinions in other cases.

We have repeatedly held that the conveyance of the homestead without the separate examination and acknowledgment of the wife as required by Section 3803, Revised General Statutes is void. Bank v. Jennings, *supra*; Schadd v. Smith, 74 Fla. 324, 76 South. Rep. 897, and that an acknowledgment made to an officer over the telephone by a married woman who is not present with the officer is not an acknowledgment before the officer as required by the statute. Hutchinson v. Stone, 79 Fla. 157, 84 South. Rep. 151. It follows that the action of the notary in attaching the certificate of acknowledgment on November 20th without a reacknowledgment of the instrument was abortive and of no effect.

We therefore conclude that the chancellor was correct in holding the contract invalid, and his order should be affirmed.

It would seem unnecessary to say that in deciding this case we do not modify the doctrine of Summer v. Mitchell, 29 Fla. 179, 10 South. Rep. 562, 14 L. R. A. 815n, 30 Am. St. Rep. 106, wherein we held: ''It is the established policy of the law to uphold certificates of acknowledgment of deeds, and wherever substance is found obvious, clerical errors and all technical omissions will be disregarded. Inartificialness in their execution will not be permitted to defeat them, if looking at them as a whole, either alone or in connection with the deed, we find that they reasonably and fairly indicate a compliance with the law.'' The doctrine of that case and many related cases appearing in our reports is not involved in the decision of this case.

The order of the Chancellor is affirmed

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the Circuit Court in this cause be, and the same is hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN, AND BUFORD, J. J., concur.