CARROLL, DONALD K., Judge.
In an action for civil conspiracy the defendant, a notary public, has appealed from an adverse final judgment entered by the Court of Record of Alachua County.
By stipulation of the parties this case was submitted to that court upon statements of fact signed by the witnesses.
According to those statements of fact signed by the plaintiff, D. B. Allen, and his wife: On April 21, 1958, they signed a contract with a construction corporation for a siding to be put on the entire surface of a building owned by the Allens in the City of Gainesville for a price of $3,800 plus carrying charges to be paid back in fifty-six monthly payments. The Allens stated that “the only paper of any kind” they had signed was the said contract, and they knew nothing of any mortgage or note affecting their property until they had made twenty-three payments under the contract. They then learned of a purported mortgage, bearing their signatures as mortgagors. This mortgage recited that they had acknowledged! the execution of the mortgage before the defendant acting as a notary public.
The Allens stated that they had not appeared before the defendant or any other person and acknowledged the execution of the said mortgage. Such an acknowledgment is necessary under our laws to entitle.an instrument to recordation in the public-records of the county.
The Allens further stated that it became-necessary for them to pay $2,937 in order to-satisfy the said mortgage, which sum included a payment of $579.48 as a pre-payment penalty. Nevertheless, they claimed! only to be damaged to the extent of $500.
In her statement of fact the defendant said that, when the said contract was signed,, she was employed as office secretary for the-mentioned construction corporation and, as-a part of her job, she was called upon to notarize a great many mortgages and other-legal documents. She admitted that she-notarized the said mortgage to the corporation on the said date, but she had “no-independent recollection of the transaction” and she felt certain that she would, in alb probability, not recognize Mr. and Mrs. Allen “at this date.”
In her statement the defendant also denied that she bore the Allens any malice, asserted that she had not entered into any conspiracy against them, and that she had no information as to the transaction represented by the-said mortgage.
In view of these statements of fact,, we think, the Court of Record properly found in its judgment that the defendant falsely notarized and acknowledged the-purported mortgage; and that because of this false acknowledgment the mortgage was-recorded in the public records of the said' county, whereby the plaintiff was damaged to the extent of $500.
It should no longer be necessary to remind those persons authorized to take acknowledgments that they are derelict in *663 their duty if they notarize an acknowledgment without the signatories personally appearing before them. Among the cases in which the Supreme Court of Florida has •declared the necessity of such appearance are Hutchinson v. Stone, 79 Fla. 157, 84 So. 151 (1920), Robinson v. Bruner, 94 Fla. 797, 114 So. 556 (1927), and McDonald v. McDonald Holding Corp., 122 Fla. 115, 165 So. 363 (1935).
The main contention made by the appellant-defendant in this appeal is based upon .nature of the cause of action alleged in the ■plaintiff’s amended statement of claim filed in the court. He alleges therein that the ■defendant, together with the president of the said corporation and others, “combined, ■conspired and confederated” to slander the title of the plaintiff to the property described in the purported mortgage, and to procure the recording of the said mortgage with knowledge of the fact that the plaintiff had not acknowledged its execution to the defendant.
In such an action, the appellant insists, the court was not authorized to enter a judgment against the defendant without finding that she actually participated in such .a conspiracy. On the other hand the appel-lee-plaintiff contends that the record shows •that the defendant by her illegal act and dereliction of duty made herself a part of -the concert of action and became a key member of the conspiracy.
The rule is recognized in Florida • that the gist of a. civil action for conspiracy is not the conspiracy itself but the civil wrong which was done pursuant to the con- - spiracy and which results in damage to the -plaintiff. See Phillips & Sons, Inc. v. Kilgore, 152 Fla. 578, 12 So.2d 465 (1943), Loeb v. Geronemus, Fla., 66 So.2d 241 (1953), and 6 Fla.Jur. Conspiracy, Section 11, page 243.
Applying this rule to the facts established in the statements of fact signed by -.the parties to this litigation, we think that the Court of Record correctly concluded that the defendant is liable for the damages found by the court to have resulted from her unlawful act.
Affirmed.
STURGIS, C. J., and RAWLS, J., concur.