630 So.2d 670 (1994)
Joan GARDNER, Appellant,
v.
Ellen A. WEILER, Appellee.
No. 92-2664.
District Court of Appeal of Florida, Fourth District.
January 19, 1994.
Catherine Rafferty, Plantation, for appellant.
John L. O'Brien, Boca Raton, for appellee.
FARMER, Judge.
We reverse the final judgment based on a jury verdict against this notary public, which found her liable in damages to the seller in a real estate transaction for a fraud perpetrated by the buyer. There is no question that the seller actually signed the instrument, later notarized in her absence by the defendant notary. Similarly, there is no question that the notary lacked any knowledge that the conveyance notarized was fraudulent as to the buyer. The buyer, who happened to be the seller's lawyer, conceived and carried out the transaction.[1] Plaintiff argues that the notarization proximately caused her damage because it allowed the instrument to be recorded in the public records, thus unwittingly but negligently effectuating the buyer's scheme.
We conclude that the notarization is  juristically, if not factually  too tenuously related to seller's damage or loss to constitute the legal proximate cause. As Justice Cardozo said in one of his most memorable passages:
"What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of problems of causation. One could carry the search for causes backward, almost without end. [Citations omitted.] Instead, there has been a selective process which picks the substantial cause out of the web and lays the other ones aside. * * * We shall be lost in a maze if we put that compass by."
Gully v. First National Bank in Meridian, 299 U.S. 109, 117-118, 57 S.Ct. 96, 100, 81 L.Ed. 70 (1936).
We do not think that a notary's acknowledgment of the seller's execution on a warranty deed, which had been fraudulently constructed by the buyer to effect a transaction different from the one actually agreed between seller and buyer, is a substantial cause of the seller's loss. It may have played a *671 role. It may have been the predicate for recordation. It may be traced in the web of circumstances from the one to the other. But it is not the proximate cause of her loss.
REVERSED.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] In a separate appeal, we have affirmed a judgment rescinding the conveyance because of the buyer's fraud. See Alabaster v. Weiler, 626 So.2d 695 (Fla. 4th DCA 1993).